# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

Jose DeCastro  
Appellant(s),

vs.

LVMPD, et al  
Appellee(s).

9th Cir. Case No. 23-16089

District Court or  
BAP Case No. 2:23-cv-00580-APG-EJY

## APPELLANT'S INFORMAL OPENING BRIEF

*(attach additional sheets as necessary, up to a total of 50 pages including this form)*

**JURISDICTION.** This information helps the court determine if it can review your case.

1. Timeliness of Appeal:

   a. What is the date of the judgment or order that you want this court to review? June 12, 2023

   b. Did you file any motion, other than for fees and costs, after the judgment was entered? Answer yes or no: yes

   - If you did, on what date did you file the motion? June 13, 2023

   - For prisoners or detainees, what date did you give the motion to prison authorities for mailing? _____

   - What date did the district court or bankruptcy appellate panel (BAP) decide the motion that you filed after judgment? August 7, 2023

   c. What date did you file your notice of appeal? August 14, 2023

   - For prisoners or detainees, what date did you give your notice of appeal to prison authorities for mailing? _____

**FACTS.** Include all facts that the court needs to know to decide your case.

2. What are the facts of your case?

I'm a member of the press. In Las Vegas, Nevada, on March 15, 2023, I was recording a police interaction between Las Vegas Metropolitan Police officer Branden Bourque and a citizen.

I was in a private parking lot, open to the public, where I was authorized to be. Although I made no overt action to interfere with any investigation happening, and I was standing in a place where Bourque could easily keep an eye on me for safety reasons, Bourque asked me to step back, which I did, significantly. Bourque demanded that the person he investigated "deserved privacy", and demanded that I step back even further, contrary even to the Las Vegas Police Protective Association's training. Although my rights were clearly established by binding case law to record police and to record in public, Bourque tried to enforce his unlawful feelings instead of the law.

When I asserted my rights as a member of the press and further verbalized my criticism, in exercise of my first amendment right to speech, which is also a clearly established right backed by binding case law, Bourque charged toward me intent to unnecessarily manhandle me, and he did unnecessarily manhandle me. Bourque called for backup, and with the support of his supervisor, I suffered excessive force and battery from Bourque and his fellow officers, which has left me with lasting nerve damage. I was subjected to subsequent unlawful arrest, unlawful search and seizure, and unlawful abuse of process. Bourque and his supervisor on scene even violated their agency's misdemeanor arrest policy to arrest and book me, in retaliation for the exercise of my rights and my viewpoints. Where a similarly situated individual should not have been arrested by policy, let alone practice. One of the officers that was on the scene has continued to harass me and my dog after the incident.

Although there was no probable cause to arrest me, I was arrested and charged with two misdemeanor crimes, although no facts align with the required elements of the crimes. I've essentially been charged with "contempt of cop", which is obstruction and resisting. At no time did I legitimately obstruct any investigation, nor did I resist any actions in furtherance of my arrest. Further, there was no intent.

The criminal charges are meant simply to harass me and chill my civil rights and are interpreting state statutes in a way that violates my civil rights and is contrary to prior binding case law.

Since then, the judge handling the criminal case has stated that I need to "lower my expectations" on what discovery I will get from the state due to it "only being a misdemeanor case", contrary to law and clearly indicative of my inability to get a fair trial. I fear that my criticism of police misconduct will end up getting me killed should the malicious prosecution continue in such an illegal manner.

**PROCEEDINGS BEFORE THE DISTRICT COURT OR THE BAP.** In this section, we ask you about what happened before you filed your notice of appeal with this court.

3. What did you ask the district court or the BAP to do—for example, did you ask the court to award money damages, issue an injunction, or provide some other type of relief?

I asked the court to stay the criminal proceedings which were brought maliciously against me for the only purpose to chill my rights and where the malicious prosecution would harm me and I had a reasonable fear of additional excessive force based on the record. The court denied the injunction, although it had not been opposed. The reasons the court provided were 1) I did not say what the first criminal hearing was about, which was irrelevant and which I didn't know, and the court could have had an evidentiary hearing; 2) the court incorrectly applied a Younger abstention; 3) the court was ignorant on how a misdemeanor charge with a penalty of jail could result in jail. My motion to reconsider, with video of the incident, was denied because it "does not offer sufficient reasons to change my mind", although it raised the errors in law and fact.

4. What legal claim or claims did you raise in the district court or at the BAP?

My complaint raised claims of Fourth, Fourteenth, First Amendment civil rights violations, battery, inequal protection, assault, false arrest and imprisonment, invasion of privacy, negligence, and Monell claims for policy, practice, supervisor liability and failure to train.

My preliminary injunction raised Dombrowski v. Pfister, 380 U.S. 479, 85 S. Ct. 1116 (1965).

5. **Exhaustion of Administrative Remedies.** For prisoners, did you use up all administrative remedies for each claim before you filed your complaint in the district court? If you did not, please tell us why.

I'm not a prisoner.

**PROCEEDINGS BEFORE THE COURT OF APPEALS.** In this section, we ask you about issues related to this case before the court of appeals and any previous cases you have had in this court.

6. What issues are you asking the court to review in this case? What do you think the district court or the BAP did wrong?

Should a court refuse an injunction to stay a criminal proceeding brought illegally and in bad faith to chill a person's rights and to harm that person in retaliation for exercising their rights? Does Younger apply where civil rights are involved and the person hasn't been charged? Should the court sua sponte assume and infer facts in support of the opposition of a preliminary injunction, even when those facts are contrary to the declaration by the movant, and no opposition or proof has been raised by the other party? Especially where the preliminary injunction would stop irreparable harm to a plaintiff and his civil rights? When video is offered for proof of likelihood of wining on merits, does the judge need convincing or only a reasonable jury? Should a court fail to follow its local rules for an emergency reconsideration, and wait two months for a ruling even when all procedures are followed by the movant? These questions must be answered in the interest of justice.

7. Did you present all issues listed in Question 6 to the district court or the BAP? Answer yes or no: no

    If not, why not?

I raised all, except for I did not have the opportunity to raise the delay of the emergency motion, or the factual analysis of the video, which should have been determined on whether a reasonable jury could find for the plaintiff, not on whether a judge is convinced, which I now raise as trial court error on appeal.

8. What law supports these issues on appeal? (You may refer to cases and statutes, but you are not required to do so.)

Dombrowski v. Pfister, 380 U.S. 479, 85 S. Ct. 1116 (1965); Doran v. Salem Inn, 422 U.S. 922 (1975); Wooley v. Maynard, 430 U.S. 705 (1977); Huffman v. Pursue. Ltd., 420 U.S. 592 (1975). Nev. Rev. Stat. § 171.1233.

"It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." Melendres v. Arpaio, 695 F.3d 990, 1002 (9th Cir. 2012). This applies here.

A stay of criminal proceedings will not harm the Defendants at all and Plaintiff meets the good cause standard simply by requesting an injunction to maintain the status quo, as done here. Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003); see Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009). Additionally, defendants do not argue that the inunction will have any negative impact on them.

Regional Rail Reorganization Act Cases, 419 U.S. 102, 143, 95 S.Ct. 335, 42 L.Ed.2d 320 (1974); Am.-Arab Anti-Discrimination Commt. v. Reno, 70 F.3d 1045, 1058 (9th Cir.1995); Sable Communications of California, Inc. v. Pacific Tel. & Tel. Co., 890 F.2d 184, 191 (9th Cir.1989); Krahm v. Graham, 461 F.2d 703, 706 (9th Cir.1972)

The state proceeding provides inadequate protection when the threat to the plaintiff's federally protected rights cannot be eliminated by his defense against a single criminal prosecution. Younger v. Harris, 401 U.S. 37, 46, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). This applies here.

There is no public interest in jailing Plaintiff for asserting his civil liberties, and Defendants have argued none. The public interest clearly lies in the protection of civil liberties, for the Plaintiff. Padilla v. Immigration & Customs Enforcement, 953 F.3d 1134, 1147-48 (9th Cir. 2020).

Plaintiff would clearly win a preliminary injunction on either of the sliding scale tests: (1) A likelihood of success on the merits and the possibility of irreparable injury, or (2) Serious questions going to the merits and a balance of hardships strongly favoring the plaintiffs.

Where a pro se Plaintiff fails to allege elements or makes factual allegations, it should be overlooked where those conclusions can be drawn from the facts alleged. Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). This applies here.

9th Cir. Case No. 23-16089            Page 6

9. **Other Pending Cases.** Do you have any other cases pending in the court of appeals? If so, give the name and docket number of each case.

No.

10. **Previous Cases.** Have you filed any previous cases that the court of appeals has decided? If so, give the name and docket number of each case.

No.

Jose DeCastro  
Name

1258 Franklin St.  
Santa Monica, CA 90404  
Address

Signature

9/9/2023  
Date

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 25. Certificate of Service for Paper Filing

**ATTENTION ELECTRONIC FILERS: DO NOT USE FORM 25**

Use Form 25 only if you are **not** registered for Appellate Electronic Filing.

**Instructions**
- You must attach a certificate of service to each document you send to the court and to opposing counsel.
- Include the title of the document you are serving, the name and address of each person you served with a copy of the document, and the date of mailing or hand delivery.
- Sign and date the certificate. You do not need to have the certificate notarized.
- Remember that you must send a copy of **all** documents and attachments to counsel for **each** party to this case.

**9th Cir. Case Number(s):** 23-16089

**Case Name:** JOSE DECASTRO v. LVMPD et al

I certify that I served on the person(s) listed below, either by mail or hand delivery, a copy of the **Opening Brief** and any attachments.

*(title of document you are filing, such as Opening Brief, Motion for __, etc.)*

**Signature:** [signed]  **Date:** 9/10/2023

| Name | Address | Date Served |
|---|---|---|
| Craig R. Anderson | Marquis & Aurbach, 10001 Park Run Drive, | 9/10/2023 |
| | Las Vegas, NV 89145 | |
| | | |
| | | |

*Mail this form to the court at:*
Clerk, U.S. Court of Appeals for the Ninth Circuit, P.O. Box 193939, San Francisco, CA 94119-3939

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

Form 25  Rev. 12/01/2018