**CASE NO.: 23-16089**

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

JOSE DECASTRO,

           Plaintiff-Appellant,

   vs.

LAS VEGAS METROPOLITAN
POLICE DEPARTMENT; et al,

           Defendants-Appellees.

Appeal from the United States District Court
District of Nevada, Las Vegas
Case No.: 2:23-cv-00580-APG-EJY

**DEFENDANTS-APPELLEES' SUPPLEMENTAL
EXCERPTS OF RECORD
SER-001-068**

Marquis Aurbach
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
nadams@maclaw.com
Attorneys for Defendants-Appellees
LVMPD, Ofc. Torrey, Ofc. Bourque,
Ofc. Dingle, Ofc. Sorenson, Ofc.
Sandoval and Ofc. Doolittle

## INDEX TO SUPPLEMENTAL EXCERPTS OF RECORD

| ECF NO. | DOCUMENT DESCRIPTION | LOCATION |
|---|---|---|
| 39 | Order Denying Motion for Reconsideration (08/07/23) | SER-003 |
| 19 | Order Denying Motion for Preliminary Injunction (06/12/23) | SER-004-005 |
| 33 | Answer to Amended Complaint (07/06/23) | SER-006-013 |
| 29 | Plaintiff's Reply in Support of Motion to Reconsider Motion for Preliminary Injunction to Stay State Proceedings; Request for Judicial Notice (06/22/23) | SER-014-020 |
| 26 | Defendants' Opposition to Plaintiff's Emergency Motion to Reconsider Motion for Preliminary Injunction to Stay State Proceedings (06/20/23) | SER-021-027 |
| 22 | Emergency Motion to Reconsider Motion for Preliminary Injunction to Stay State Proceedings (06/13/23) | SER-028-030 |
| 18 | Emergency Motion for Preliminary Injunction to Stay State Proceedings (06/08/23) | SER-031-035 |
| 13 | First Amended Complaint (05/07/23) | SER-036-057 |
| 41 | Notice of Appeal (08/11/23) | SER-058-060 |
|  | Docket Case No. 2:23-cv-00580-APG-EJY | SER-061-067 |

SER-002

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO,<br><br>        Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; et al.,<br><br>        Defendants. | Case No.: 2:23-cv-00580-APG-EJY<br><br>**Order Denying Motion for Reconsideration**<br><br>[ECF No. 22] |

Jose DeCastro moves for reconsideration of my order denying his motion for preliminary injunction. ECF No. 22.   He does not offer sufficient reasons for me to change my mind.

I THEREFORE ORDER that Jose DeCastro's motion for reconsideration **(ECF No. 22) is denied.**

DATED this 7th day of August, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO, | Case No. 2:23-cv-00580-APG-EJY |
| Plaintiff, | ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT; STATE OF NEVADA; BRANDEN BOURQUE; JASON TORREY; C. DINGLE; B. SORENSON; JESSE SONDOVAL; OFFICER DOOLITTLE, | [ECF No. 18] |
| Defendants. | |

Plaintiff Jose DeCastro contends he is "a member of the press who specifically records police interactions." ECF No. 2 at 1. He claims he was forcibly arrested while attempting to videotape an interaction between officers of the Las Vegas Metropolitan Police Department and a traffic detainee. *Id.* Apparently, he is being prosecuted for obstructing a public officer and resisting a public officer. ECF No. 18 at 2. He now moves for an emergency preliminary injunction to stay the June 13, 2023 "first hearing" on those charges. *Id.* at 1. But DeCastro does not explain the nature of that "first hearing," what he anticipates will happen at that hearing, or how that hearing could impact his claims in this case. More importantly, federal courts cannot enjoin pending state criminal proceedings unless there are exceptional circumstances. Such circumstances do not exist here so I deny DeCastro's motion.

Principles of comity and equity dictate that federal courts should usually abstain from interfering with state court criminal proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). Such so-called *Younger* abstention recognizes that our country is composed of separate state

1  governments that should be free to perform their functions so long as "the moving party has an

2  adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.* at 43.

3        The Ninth Circuit has

4        articulated a four-part test to determine when *Younger* requires that federal courts
         abstain from adjudicating cases that would enjoin or risk interfering with pending
5        state-court proceedings. *Younger* abstention is appropriate when: (1) there is an
         ongoing state judicial proceeding; (2) the proceeding implicates important state
6        interests; (3) there is an adequate opportunity in the state proceedings to raise
         constitutional challenges; and (4) the requested relief seeks to enjoin or has the
7        practical effect of enjoining the ongoing state judicial proceeding.

8  *Duke v. Gastelo*, 64 F.4th 1088, 1093–94 (9th Cir. 2023) (simplified).  Each of those

9  factors is met here.  DeCastro seeks to enjoin an ongoing state criminal proceeding

10  addressing whether he obstructed police activity and resisted arrest.  Those are important

11  state interests.  He has not explained why—and there is nothing to suggest that—he

12  cannot raise constitutional challenges to his prosecution in that state case.  DeCastro

13  contends the timing of the criminal case will chill his rights, but he does not say how or

14  why. ECF No. 18 at 3.  Finally, he claims he will be subject to excessive force if he is

15  jailed awaiting trial, but he gives no reason to suggest that he will be jailed or why

16  excessive force would be used against him if he is.

17        The *Younger* abstention doctrine dictates that I deny DeCastro's motion.

18        I THEREFORE ORDER that the plaintiff Jose DeCastro's motion for preliminary

19  injunction **(ECF No. 18) is denied.**

20        DATED THIS 12th day of June, 2023.

21                                          _____
                                            ANDREW P. GORDON
22                                          UNITED STATES DISTRICT JUDGE

23

**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
nadams@maclaw.com
  Attorneys for Defendants LVMPD, Ofc. Bourque, Ofc. Torrey, Ofc. Dingle, Ofc.
  Sorenson, Ofc. Sandoval and Ofc. Doolittle

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSE DECASTRO,<br><br>                    Plaintiff,<br><br>        vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; STATE OF NEVADA; BRANDEN BOURQUE; JASON TORREY; C. DINGLE; B. SORENSON; JESSE SANDOVAL; OFFICER DOOLITTLE and DOES 1 to 50, inclusive,<br><br>                    Defendants. | Case Number:<br>2:23-cv-00580-APG-EJY<br><br>**DEFENDANTS LVMPD, OFC. BOURQUE, OFC. TORREY, OFC. DINGLE, OFC. SORENSON, OFC. SANDOVAL AND OFC. DOOLITTLE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT (ECF NO. 13)** |

Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Ofc. Bourque, Ofc. Torrey, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle ("Answering Defendants"), by and through their attorneys of record, Marquis Aurbach, hereby answer Plaintiff's First Amended Complaint (ECF No. 13) as follows:

### INTRODUCTION

1.      These Answering Defendants deny the allegations contained in paragraphs 1 and 2 of the Plaintiff's First Amended Complaint.

### PARTIES

2.      These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraphs 3, 5, 12, 14, 15, 16

MAC:14687-456 5143600_1

SER-006

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

and 17 of the Plaintiff's First Amended Complaint, and therefore deny the remaining allegations.

3.  These Answering Defendants admit the allegations contained in paragraphs 4, 6, 7, 8, 9, 10 and 11 of the Plaintiff's First Amended Complaint.

4.  These Answering Defendants deny the allegations contained in paragraph 13 of the Plaintiff's First Amended Complaint.

## JURISDICTION AND VENUE

5.  These Answering Defendants admit the allegations contained in paragraphs 18 and 19 of the Plaintiff's First Amended Complaint.

## GENERAL FACTUAL ALLEGATIONS

6.  These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraphs 20, 21, 35 and 44 of the Plaintiff's First Amended Complaint, and therefore deny the remaining allegations.

7.  These Answering Defendants admit the allegations contained in paragraphs 22, 23 and 45 of the Plaintiff's First Amended Complaint.

8.  These Answering Defendants deny the allegations contained in paragraphs 24, 25, 26, 27, 26 [sic], 27 [sic], 28, 29, 30, 31, 32, 33, 34, 36, 37, 38, 39, 40, 41, 42, 43, 46 and 47 of the Plaintiff's First Amended Complaint.

## FIRST CAUSE OF ACTION

## 42 U.S.C. SECTION 1983 – FOURTH AMENDMENT

## (AGAINST BOURQUE, TORREY, DINGLE, SORENSON, SANDOVAL, DOOLITTLE AND DOES 1-25)

9.  These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraph 48 of the Plaintiff's First Amended Complaint, and therefore deny the remaining allegations.

10.  These Answering Defendants deny the allegations contained in paragraphs 49, 50 and 51 of the Plaintiff's First Amended Complaint.

/ / /

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5143600_1

**SECOND CAUSE OF ACTION**

**42 U.S.C. SECTION 1983 – FOURTEENTH AMENDMENT**

**(AGAINST BOURQUE, TORREY, DINGLE, SORENSON, SANDOVAL, DOOLITTLE AND DOES 1-25)**

11.     These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraph 52 of the Plaintiff's Complaint, and therefore deny the remaining allegations.

12.     These Answering Defendants deny the allegations contained in paragraphs 53, 54 and 55 of the Plaintiff's First Amended Complaint.

**THIRD CAUSE OF ACTION**

**42 U.S.C. SECTION 1983 – FIRST AMENDMENT**

**(AGAINST BOURQUE, TORREY, DINGLE, SORENSON, SANDOVAL, DOOLITTLE AND DOES 1-25)**

13.     These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraph 56 of the Plaintiff's First Amended Complaint, and therefore deny the remaining allegations.

14.     These Answering Defendants deny the allegations contained in paragraphs 57, 58 and 59 of Plaintiff's First Amended Complaint.

**FOURTH CAUSE OF ACTION**

**42 U.S.C. SECTION 1983 – *MONELL* AND SUPERVISOR LIABILITY**

**(AGAINST LVMPD, NEVADA, TORREY AND DOES 26-50)**

15.     These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraph 60 of the Plaintiff's First Amended Complaint, and therefore deny the remaining allegations.

16.     These Answering Defendants deny the allegations contained in paragraphs 61, 62, 63, 64, 65, 66 and 67 of the Plaintiff's First Amended Complaint.

/ / /

/ / /

/ / /

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5143600_1

**FIFTH CAUSE OF ACTION**

**42 U.S.C. SECTION 1981**

**(AGAINST BOURQUE, TORREY, DINGLE, SORENSON, SANDOVAL, DOOLITTLE, AND DOES 1-25)**

17.     These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraph 68 of the Plaintiff's First Amended Complaint, and therefore deny the remaining allegations.

18.     These Answering Defendants deny the allegations contained in paragraphs 69, 70 and 71 of the Plaintiff's First Amended Complaint.

**SIXTH CAUSE OF ACTION**

**ASSAULT**

**(AGAINST ALL DEFENDANTS)**

19.     These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraph 72 of the Plaintiff's First Amended Complaint, and therefore deny the remaining allegations.

20.     These Answering Defendants deny the allegations contained in paragraphs 73, 74, 75 and 76 of Plaintiff's First Amended Complaint.

**SEVENTH CAUSE OF ACTION**

**BATTERY**

**(AGAINST ALL DEFENDANTS)**

21.     These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraph 77 of the Plaintiff's First Amended Complaint, and therefore deny the remaining allegations.

22.     These Answering Defendants deny the allegations contained in paragraphs 78, 79, 80 and 81 of the Plaintiff's First Amended Complaint.

/ / /

/ / /

/ / /

MAC:14687-456 5143600_1

SER-009

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**EIGHTH CAUSE OF ACTION**

**FALSE ARREST AND IMPRISONMENT**

**(AGAINST ALL DEFENDANTS)**

23.    These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraph 82 of the Plaintiff's First Amended Complaint, and therefore deny the remaining allegations.

24.    These Answering Defendants deny the allegations contained in paragraphs 83, 84, 85 and 86 of the Plaintiff's First Amended Complaint.

**NINTH CAUSE OF ACTION**

**INVASION OF PRIVACY**

**(AGAINST ALL DEFENDANTS)**

25.    These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraph 87 of the Plaintiff's First Amended Complaint, and therefore deny the remaining allegations.

26.    These Answering Defendants deny the allegations contained in paragraphs 88, 89, 90, 91, 92 and 93 of the Plaintiff's First Amended Complaint.

**TENTH CAUSE OF ACTION**

**NEGLIGENCE**

**(AGAINST ALL DEFENDANTS)**

27.    These Answering Defendants are without sufficient knowledge to form an opinion as to the truth of Plaintiff's allegations contained in paragraph 94 of the Plaintiff's First Amended Complaint, and therefore deny the remaining allegations.

28.    These Answering Defendants deny the allegations contained in paragraphs 95, 96, 97, 98 and 99 of the Plaintiff's First Amended Complaint.

/ / /

/ / /

/ / /

MAC:14687-456 5143600_1

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

SER-010

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's suit fails to state a claim for relief as he failed to allege a violation of a right, privilege, or immunity secured by the United States Constitution or by the laws of the United States.

**SECOND AFFIRMATIVE DEFENSE**

The Defendant officers had probable cause to arrest Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

The complained of acts of these Answering Defendants were justified and privileged under the circumstances.

**FOURTH AFFIRMATIVE DEFENSE**

At all times mentioned in Plaintiff's First Amended Complaint, these Answering Defendants acted in good faith belief that their actions were legally justifiable.

**FIFTH AFFIRMATIVE DEFENSE**

The individual officers have qualifiedly immunity from the actions alleged against them in Plaintiff's Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

That Nevada Revised Statutes Chapter 41 limits the damages that may be collectible against a political subdivision of the State of Nevada.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's First Amended Complaint concerns a discretionary function of the LVMPD Defendants for which Defendant LVMPD is immune pursuant to NRS 41.032.

**NINTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims of constitutional violation is unsupported in both fact and law, as Plaintiff has not alleged sufficient basis from which a constitutional interest might arise in conjunction with the alleged actions.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5143600_1

SER-011

**TENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff's causes of actions against the LVMPD Defendants sound in negligence, no recovery can be predicated upon 42 USCA §1983.

**ELEVENTH AFFIRMATIVE DEFENSE**

Any injuries allegedly sustained by Plaintiff were the result of his own negligence and/or actions.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff cannot recover punitive or exemplary damages because Plaintiff has failed to plead and cannot establish facts sufficient to support allegations of malice, oppression or fraud. Plaintiff is not entitled to recover punitive or exemplary damages herein under any of the claims of relief alleged as none of the LVMPD Defendants' supervisors, directors or managing agents committed the alleged malicious, fraudulent or oppressive acts, authorized to ratify such wrongful conduct or had advanced knowledge of the unfitness of any employee(s) who allegedly committed the acts and did not employ such person(s) with conscience disregard for the higher safety of others.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The claims and each of them are barred by Plaintiff's failure to plead those claims with particularity.

**FOURTEENTH AFFIRMATIVE DEFENSE**

These Answering Defendants have not been negligent and have not breached their duty to properly supervise the conduct of its employees with whom Plaintiff interacted.

**FIFTEENTH AFFIRMATIVE DEFENSE**

These Answering Defendants reserve the right to amend these Affirmative Defenses as discovery unfolds and new information is discovered.

WHEREFORE, these Answering Defendants pray for judgment as follows:

1.    That Plaintiff takes nothing by virtue of his First Amended Complaint on file herein, that the same be dismissed with prejudice;

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5143600_1

SER-012

2.    For an award of reasonable attorney fees and costs of suit incurred in the defense of this action; and

3.    For such other and further relief as this Court may deem just and proper in the premises.

Dated this 6th day of July, 2023.

MARQUIS AURBACH

By  /s/ Craig R. Anderson
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Defendants LVMPD, Ofc.
Bourque, Ofc. Torrey, Ofc. Dingle, Ofc.
Sorenson, Ofc. Sandoval and Ofc. Doolittle

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **DEFENDANTS LVMPD, OFC. BOURQUE, OFC. DINGLE; OFC. SORENSON, OFC. SANDOVAL AND OFC. DOOLITTLE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 6th day of July, 2023.

☒    I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒    I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Jose DeCastro
1258 Franklin St
Santa Monica, CA 90404
Plaintiff Pro Per

/s/Sherri Mong
an employee of Marquis Aurbach

Page 8 of 8

MAC:14687-456 5143600_1

SER-013

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1  Jose DeCastro
   1258 Franklin St.
2  Santa Monica, CA 90404
   (310) 963-2445
3  chille@situationcreator.com

4

5                    **UNITED STATES DISTRICT COURT**
                        **DISTRICT OF NEVADA**
6

7  JOSE DECASTRO                        )   Case No.: 2:23-CV-00580
                                        )
8              Plaintiff,               )   **PLAINTIFF'S REPLY IN SUPPORT**
                                        )   **OF MOTION TO RECONSIDER**
9  v.                                   )   **MOTION FOR PRELIMINARY**
                                        )   **INJUNCTION TO STAY STATE**
10 LAS VEGAS METROPOLITAN POLICE        )   **PROCEEDINGS; REQUEST FOR**
   DEPARTMENT, et al.                   )   **JUDICIAL NOTICE**
11                                      )
                                        )
12             Defendants.              )
                                        )
13 _____  )

14

15        Plaintiff Jose Maria DeCastro ("Plaintiff"), offers the following reply to the opposition

16 memorandum from Defendants (ECF No. 26) ("Opposition") of Plaintiff's Motion to Reconsider

17 Order on Motion for Preliminary Injunction (ECF No. 22 RE ECF No. 18) ("Reconsideration"

18 RE "Motion"). Since Plaintiff outlined the legal authority in his original motion, such

19 information may not repeated here and Plaintiff does not intend by its omission from discussion

20 here, to concede to any point previously raised related to Plaintiff's request for preliminary

21 injunction.

22        In support of this motion, Plaintiff submits a memorandum of law, which is fully

23 incorporated herein, records in this action, on the oral argument of counsel, if any, and on such

                                          1

SER-014

1  other and further evidence as the Court might deem proper.

2  **INTRODUCTION**

3      Plaintiff filed a motion for a preliminary injunction to stay the related state criminal

4  proceedings relating to this action. The motion spelled out how the criminal proceedings were

5  meant to chill Plaintiff's First Amendment rights and how Plaintiff feared excessive force to

6  continue to be used against him if he was jailed. Plaintiff supported this with factual statements

7  and referenced Plaintiff's complaint which included violations of Plaintiff's constitutionally

8  protected rights and claims of excessive force, assault, and battery. Plaintiff also cited case law

9  establishing that other courts have granted the relief requested.

10      This Court, *sua sponte* argued Younger doctrine reasons to deny Plaintiff's relief without

11  Defendants raising the issue, and relying on the incorrect status of any criminal proceedings.

12      Plaintiff filed a motion to reconsider, pointing out the error made by this Court when it

13  incorrectly applied the wrong law due to mistakenly assuming that criminal proceedings were

14  pending. Additionally, Plaintiff cleared up the confusion of the crimes that he was arrested for,

15  which were misdemeanors and not civil infractions. Misdemeanors which are likely to result in

16  jail time due to the State's zealous prosecution due to their hurt egos, as evidenced by allegations

17  in the complaint and Defendants' motions.

18      The hearing on June 13, 2023 ended up being a status check on negotiations that the

19  prosecutor had never reached out to conduct. Plaintiff was later told by his counsel that the offer

20  was "They want you to plead guilty". The judge continued the negotiation status hearing 14 days

21  so that Plaintiff could consider the "offer". Plaintiff has still not been arraigned nor does Plaintiff

22  know if an arraignment will occur at the next status check.

23

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Defendants continue sanctionable mischaracterizations of Plaintiff's filings.**

Opposition, 2:24 -27, Defendants allege that Plaintiff "has failed to articulate in his [Reconsideration] that there is substantially new evidence present that would require the Court's reconsideration, or that the Court's decision was clearly erroneous. That is false and is not reflected in Plaintiff's filings.

Reconsideration, 2:2 specifies that the motion is made for clear error. The clear error is described at 2:15-19 where the Court applies the wrong law due to its error in determining the status of the criminal proceedings even contrary to Plaintiff's evidence at Motion, 3:18-19 . Additionally, where this is "new evidence", Plaintiff's Declaration that the action is not pending at the same location in the Reconsideration, 2:15-19 is relevant.

Defendants in Opposition, 3:7 and 6:22-24 allege that Plaintiff stated that a preliminary hearing was held on June 13, 2023 and that criminal charges are currently pending. That is false and is not reflected in Plaintiff's filings. Arguendo, "charges pending" is not the same as a pending action, because if the charges haven't occurred, then the action isn't pending. However, plaintiff didn't say charges pending. In fact, Plaintiff said in his Motion, at 3:7, in part "especially as charges have not yet been brought." Defendants continue to allege that charges have already been brought, but they offer no evidence, and it contradicts Plaintiff's statements. Plaintiff does also hereby declare that he has not been arraigned or indicted or had any reading of any charges.

Defendants argue that Plaintiff only makes conclusory statements in his Motion, but the Motion refers to the complaint and summarizes the tyranny inside, which clearly supports a preliminary injunction.

1    **A. Plaintiff raised both new evidence and clear error.** Reconsideration, 2:2, and 2:15-

2    19.

3    **B. First Hearing has passed and Plaintiff's ability to assert his rights remains intact.**

4    Raised in an inappropriate manner by Defendants at Opposition 3:16-17. Still, Defendants raise a

5    good point. Plaintiff only wishes to stay anything that would interfere with his constitutional

6    rights. If this Court were to make an order only staying any jail time, including before trial, then

7    we can let the criminal proceedings continue and stay this action instead, under Younger.

8    However, as Defendants have made clear, the hearing has passed, and they have still not moved

9    to stay this proceeding under Younger. Luckily Plaintiff was not arraigned and held without bail

10   on June 13, 2023, or his rights would have been clearly chilled. Yet, the case law that Plaintiff

11   cited in his Motion and Reconsideration both discuss that just the fear of prosecution has a

12   chilling effect on one's rights.

13   **C. Irreparable injury will occur to Plaintiff and no adequate remedy at law.**

14   Defendants say in their Opposition that another remedy at law exists, and that Plaintiff will not

15   suffer irreparable injury if the preliminary injunction is not granted. Defendants do not say what

16   other remedies at law exist and so that argument is conclusory and should be disregarded.

17   Plaintiff not only alleged irreparable injury in the chilling of their rights, but the chilling

18   of rights is recognized by Courts as irreparable harm. "It is well established that the deprivation

19   of constitutional rights 'unquestionably constitutes irreparable injury." *Melendres v. Arpaio*, 695

20   F.3d 990, 1002 (9th Cir. 2012).

21   Additionally, if Defendants believe that being jailed can be undone, then this Court

22   should jail them for a period, as any harm can be repaired. Plaintiff will pay Defendants' salaries

23   while they attend. The traditional standards test for a preliminary injunction does include

4

1    irreparable injury, but *not* alternative remedies. *Winter v. NRDC, Inc*., 555 U.S. 7, 129 S. Ct. 365

2    (2008). A preliminary injunction is a clear remedy, and it is the Court that decides whether

3    irreparable harm will occur, not the Defendants.

4          Finally, if *Melendres,* 695 F.3d 990 isn't convincing, the fact that COVID is running

5    rampant in jails along with Plaintiff's susceptible age should be enough to show irreparable

6    harm. *Doe v. Barr*, No. 20-cv-02141-LB, 2020 U.S. Dist. LEXIS 64459 (N.D. Cal. Apr. 12,

7    2020). Defendants don't argue against irreparable harm, only that it hasn't occurred yet, and

8    Defendants don't deny that irreparable harm will occur if Plaintiff is jailed.

9          **D. Preliminary injunctions are necessary to maintain the status quo.** Defendants

10   argue that a preliminary injunction isn't necessary, as Plaintiff is unlikely to experience jail time

11   or have his civil rights chilled. Yet, Defendants argue against the preliminary injunction which

12   clearly shows that they require that the stay not be implemented for their future plans to jail him.

13   A stay of criminal proceedings will not harm the Defendants at all and Plaintiff's meet the good

14   cause standard simply by requesting an injunction to maintain the status quo, as done here.

15   *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003);

16   see *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009). Additionally,

17   defendants do not argue that the inunction will have any negative impact on them.

18         **E. Plaintiff is likely to win on the merits and request for judicial notice.** Plaintiff

19   requests this Court to take judicial notice of facts in the next three paragraphs under Fed. R. Civ.

20   P. Rule 201. The Las Vegas Police Protective Association ("LVPPA"), which represents police

21   officers in court for actions when sued officially, has training videos on the right of citizens to

22   record police. The videos are conducted by David Roger, who was the district attorney of Clark

23   County from 2002 to 2014, and he leads the legal team at the LVPPA. One video titled

1   "Videotaping officers" at https://www.youtube.com/watch?v=50Bz-1WYO5k says at 1:07

2   "Don't take the bait. Be legally careful. If they aren't obstructing your investigation, if they're

3   not on top of you, if they're not putting you in danger, but they're merely videotaping you, you

4   have no basis to arrest them. If they aren't obstructing your investigation, then, try to ignore

5   them. I understand it's difficult. I understand that sometimes it's a concern, uh, but throughout

6   the country these people are traveling from city to city baiting officers by showing up on crime

7   scenes or vehicle stops and videotaping officers. You have an absolute right to tell them to stay

8   out of the immediate area so that they are not a distraction or danger to you. Uh, however, if they

9   walk a distance away and they continue videotaping you, there is nothing you can legally do, and

10   if you force the issue and arrest them, you can be sued civilly."

11       This is exactly what happened. See the complaint and Plaintiff's own video of the

12   incident at https://www.youtube.com/watch?v=dZZQvKZ4WU4 where Plaintiff walked a

13   distance away and continued videotaping. The officers forced the issue and got sued civilly.

14       I transcribed the foregoing video from the LVPPA's website on June 21, 2023 and it is a

15   true and correct copy of a transcription of an LVPPA training video for LVMPD officers

16   published on October 3, 2018. Additionally, the LVPPA provided an even stronger message in

17   an additional video that they published after Nev. Rev. Stat. § 171.1233 ("Recording of law

18   enforcement activity") went into effect.

19       **F. Public interest clearly lies in the protection of civil liberties.** There is no public

20   interest in jailing Plaintiff for asserting his civil liberties, and Defendants have argued none. The

21   public interest clearly lies in the protection of civil liberties, for the Plaintiff. *Padilla v.*

22   *Immigration & Customs Enforcement*, 953 F.3d 1134, 1147-48 (9th Cir. 2020).

23       **F. Plaintiff clearly wins a sliding scale test.** Due to the foregoing, Plaintiff would

1   clearly win on either of the sliding scale tests: (1) A likelihood of success on the merits and the

2   possibility of irreparable injury, or (2) Serious questions going to the merits and a balance of

3   hardships strongly favoring the plaintiffs.

4   **G. Where a pro se Plaintiff fails to allege elements or makes factual allegations, it**

5   **should be overlooked where those conclusions can be drawn from the facts alleged.** *Clegg v.*

6   *Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

7                                        **CONCLUSION**

8        Plaintiff's motion to stay the criminal proceedings should be granted, where his civil

9   rights will be chilled without the injunction, and in the interest of justice.

10                          **DECLARATION OF JOSE DECASTRO**

11       I declare under penalty of perjury, that the foregoing is true and correct.

12

13  DATED: June 22, 2023                          Respectfully submitted,

14

15                                                Jose DeCastro
                                                  *Pro Se* Plaintiff

16

17

18

19

20

21

22

23

7

SER-020

1  **Marquis Aurbach**
Craig R. Anderson, Esq.
2  Nevada Bar No. 6882
Nicholas M. Adams, Esq.
3  Nevada Bar No. 15859
10001 Park Run Drive
4  Las Vegas, Nevada 89145
Telephone: (702) 382-0711
5  Facsimile: (702) 382-5816
canderson@maclaw.com
6  nadams@maclaw.com
    Attorneys for Defendants LVMPD, Ofc. Torrey, Ofc. Bourque, Ofc. Dingle, Ofc. Sorenson,
7  Ofc. Sandoval and Ofc. Doolittle

8                              **DISTRICT COURT**

9                         **CLARK COUNTY, NEVADA**

10  JOSE DECASTRO,

11              Plaintiff,                              Case Number:
                                                   2:23-cv-00580-APG-EJY
12        vs.

13  LAS VEGAS METROPOLITAN POLICE            **DEFENDANTS' OPPOSITION TO**
    DEPARTMENT; STATE OF NEVADA;             **PLAINTIFF'S EMERGENCY MOTION**
14  BRANDEN BOURQUE; JASON TORREY; C.        **TO RECONSIDER MOTION FOR**
    DINGLE; B. SORENSON; JESSE               **PRELIMINARY INJUNCTION TO STAY**
15  SANDOVAL; OFFICER DOOLITTLE and          **STATE PROCEEDINGS**
    DOES 1 to 50, inclusive,
16
                Defendants.
17

18        Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Ofc. Torrey, Ofc.

19  Bourque, Ofc. Dingle, Ofc. Sorenson, Ofc. Sandoval and Ofc. Doolittle ("LVMPD Defendants"),

20  by and through their attorneys of record, Marquis Aurbach, hereby file an Opposition to

21  Plaintiff's Emergency Motion to Reconsider Motion for Preliminary Injunction to Stay State

22  Proceedings (ECF No. 22).

23

24

25  ///

26  ///

27

28

                              Page 1 of 7

*(left margin, vertical text)* **MARQUIS AURBACH** 10001 Park Run Drive Las Vegas, Nevada 89145 (702) 382-0711 FAX: (702) 382-5816

1     This Opposition is made and based upon the attached Memorandum of Points and

2     Authorities, all papers and pleadings on file herein, and any oral argument permitted by the

3     Court during a hearing on this matter.

4          Dated this 20th day of June, 2023.

5

6                                              MARQUIS AURBACH

7

                                               By:   s/Craig R. Anderson
8                                                    Craig R. Anderson, Esq.
                                                     Nevada Bar No. 6882
9                                                    Nicholas M. Adams, Esq.
                                                     Nevada Bar No. 15859
10                                                   10001 Park Run Drive
                                                     Las Vegas, Nevada 89145
11                                                   Attorneys for Defendants LVMPD, Ofc.
                                                     Torrey, Ofc. Bourque, Ofc. Dingle, Ofc.
12                                                   Sorenson, Ofc. Sandoval and Ofc. Doolittle

13                          **MEMORANDUM OF POINTS AND AUTHORITIES**

14   **I.     INTRODUCTION**

15          Plaintiff filed his Emergency Motion for Preliminary Injunction to Stay State Proceedings

16   on June 8, 2023. *See* ECF No. 18. On June 12, 2023, this Court issued an Order denying

17   Plaintiff's Emergency Motion for Preliminary Injunction. *See* ECF No. 19. The next day,

18   Plaintiff filed his Emergency Motion to Reconsider Motion for Preliminary Injunction to Stay

19   State Proceedings. *See* ECF No. 22. The Defendants now respond to the reconsideration motion.

20          Federal law states that reconsideration is only permitted when there is *substantially new*

21   *evidence* or the decision is *clearly erroneous*. It is well established that a motion for

22   reconsideration "may not be used to raise arguments or present evidence for the first time when

23   they could reasonably have been raised earlier in the litigation." *Hupe v. Mani*, 2017 WL

24   1128598, *1 (D. Nev. March 24, 2017) (citation omitted).  Plaintiff has failed to articulate in his

25   Emergency Motion to Reconsider Motion for Preliminary Injunction to Stay State Proceedings

26   that there is substantially new evidence present that would require the Court's reconsideration, or

27   that the Court's decision was clearly erroneous. Instead, he merely reiterates the same arguments

28

MAC:14687-456 5126495_1 6/20/2023 11:13 AM

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1   that have already been raised before the Court and improperly mischaracterizes the law to fit

2   such arguments. Accordingly, the Court should deny Plaintiff's motion for reconsideration.

3   **II.**   **STATEMENT OF FACTS**

4       **A.**   **RELEVANT FACTS AND PROCEDURAL HISTORY.**

5       This is a 42 U.S.C. § 1983 lawsuit in which Plaintiff alleges he was forcibly arrested

6   while attempting to videotape a traffic stop. ECF No. 2 at 1. Plaintiff's Nevada state law criminal

7   charges are currently pending in Nevada state court. ECF No. 18 at 2. According to Plaintiff, a

8   preliminary hearing on the criminal charges was held on June 13, 2023. Prior to that hearing,

9   Plaintiff filed an Emergency Motion for Preliminary Injunction asking this Court to stay the

10  Nevada state law criminal proceedings. ECF No. 18.

11      **B.**   **THE COURT'S ORDER.**

12      The Court issued its Order denying Plaintiff's Motion for Preliminary Injunction on June

13  12, 2023, drawing on the *Younger*[1] abstention doctrine, which require federal courts to abstain

14  from interfering with state court criminal proceedings absent exceptional circumstances.

15  Plaintiff's requested relief was to stay the June 13, 2023, hearing in state court. *See* ECF No. 19

16  at 1:14-15. At this point, Plaintiff's first hearing in the state criminal proceeding is passed, and

17  yet it appears that Plaintiff's ability to assert his constitutional rights remains intact.

18      As this Court has recognized in its Order, Plaintiff makes continuous, unsubstantiated

19  claims that he will be subjected to excessive force and even "death in a corrupt jail," which

20  Plaintiff claims would make it impossible to raise constitutional challenges in his state case. *See*

21  ECF No. 19 and 22 at 3:4-5. Specifically, the Court notes that Plaintiff "gives no reason to

22  suggest that he will be jailed or why excessive force would be used against him if he is." *See*

23  ECF No. 19 at 2:14-16.

24      **C.**   **PLAINTIFF'S MOTION FOR RECONSIDERATION.**

25      In Plaintiff's current motion for reconsideration, Plaintiff still fails to provide a sufficient

26  basis as to why his constitutional rights would be chilled in state court, or why he would be

27

28  _____

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

MAC:14687-456 5126495_1 6/20/2023 11:13 AM

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

SER-023

1    subjected to excessive force or even death if he were to be imprisoned. Instead, he continues to

2    make conclusory statements that are not based on fact, but rather on Plaintiff's assumptions. As

3    such, his motion for reconsideration should be denied.

4    **III.    LEGAL ARGUMENT**

5        **A.    LEGAL STANDARD.**

6        Fed. R. Civ. P. 60(b) "permits a district court to reconsider and amend a previous order,"

7    however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality

8    and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)

9    (internal quotations omitted)). A motion for reconsideration is not the proper vehicle for

10   rehashing old arguments and is "not intended to give an unhappy litigant one additional chance

11   to sway the judge." *Moraga v. Wolfson*, 2019 WL 11707395, *1 (D. Nev. Oct. 10, 2019)

12   (citation omitted). A motion for reconsideration "should not be granted, absent highly unusual

13   circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880

14   (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly

15   discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or

16   (3) if there is an intervening change in controlling law." *Moraga v. Wolfson*, 2019 WL

17   11707395, *1 (D. Nev. Oct. 10, 2019) (citing *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255,

18   1263 (9th Cir. 1993)).

19       **B.    PLAINTIFF FAILS TO SATISFY HIS BURDEN UNDER THE
             RECONSIDERATION STANDARD.**

20

21       This Court's Order denying Plaintiff's Motion recognized that "federal courts should

22   usually abstain from interfering with state court criminal proceedings." ECF No. 19 at 1 (citing

     *Younger,* at 37. In particular, courts should not act to restrain a criminal prosecution when the

23   moving party has an adequate remedy at law and <u>will not suffer irreparable injury</u> if denied

24   equitable relief. *Younger,* at 43. In other words, there should be no interference except where the

25   danger of irreparable loss is both "great and immediate." *Id.* The standard to allow interference

26   in a state criminal proceeding because is stringent no individual is immune from the good faith

27   prosecution of his/her alleged criminal acts.

28

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5126495_1 6/20/2023 11:13 AM

1       Plaintiff's reconsideration motion includes the same arguments raised in its initial

2  briefing, and merely cited back to his original motion as the sole evidentiary support for the

3  motion for reconsideration. It does not contain "some valid reason why the court should

4  reconsider its prior decision" or set "forth facts or law of a strongly convincing nature to

5  persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180,

6  1183 (D. Nev. 2003). The reconsideration motion does not include newly discovered evidence,

7  designation of clear error, or an intervening change in controlling law. *See e.g., Sch. Dist. No. 1J*,

8  5 F.3d at 1263.

9       Here, Plaintiff's entire motion relies exclusively on his prior arguments already made

10  before this Court. Additionally, Plaintiff misstates the law throughout his motion. Specifically, in

11  response to the Court's reasoning that Plaintiff failed to provide a reason to suggest that he

12  would be jailed, he responded by incorrectly stating that misdemeanors carry a maximum jail

13  time of six (6) months, as if that were the only consequence available to him. *See* ECF No. 22 at

14  3:9-10.

15       NRS 193.150 provides that:

16       1.  Every person convicted of a misdemeanor shall be punished by imprisonment in the county jail for not more than 6 months, **or** by a fine of not more than $1,000, **or** by both fine and imprisonment, unless the statute in force at the time of commission of such misdemeanor prescribed a different penalty.

17  

18       2.  In lieu of all or a part of the punishment which may be imposed pursuant to subsection 1, the convicted person may be sentenced to perform a fixed period of community service pursuant to the conditions prescribed in NRS 176.087.

19  

20  

21       Thus, based on the plain reading of the statute, persons convicted of a misdemeanor shall

22  be punished by imprisonment **or** by a fine of no more than $1,000.00, **or** a combination of both.

23  Jail time for misdemeanors is not mandated by statute, as Plaintiff implies in his motion. The

24  state court could simply require Plaintiff to pay a fine and not impose any jail time. Therefore,

25  Defendants agree with the Court's initial determination when it concluded Plaintiff has given no

26  reason to suggest he will be jailed because Plaintiff has once again failed to adequately explain

27  why he believes he will be required to serve jail time.

28  

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-456 5126495_1 6/20/2023 11:13 AM

**C.     EVEN IF THE COURT RECONSIDERS PLAINTIFF'S MOTION, HE HAS NOT SHOWN THAT HE WILL SUFFER IRREPARABLE HARM TO WARRANT THE ISSUANCE OF A PRELIMINARY INJUNCTION.**

In order for the Court to issue a preliminary injunction, Plaintiff must have shown he would suffer irreparable injury that is both great and immediate if such equitable relief is denied. Plaintiff has failed to articulate sufficient reasons why he would be unable to raise his constitutional claims in state court. Just like in *Younger* where the Court concluded the defendant was not entitled to equitable relief because the injury the defendant faced was solely incidental to criminal proceedings brought lawfully in good faith, the same argument could be made here. Plaintiff's criminal proceedings in state court were not brought in bad faith, or as a result of a series of repeated prosecutions against him.

Furthermore, Plaintiff hangs his entire argument on the fact that First Amendment rights would be chilled if the state criminal proceeding was not stayed. However, the *Younger* court itself stated that even a "chilling effect" does not by itself justify federal intervention. *Younger*, 401 U.S. at 50. Moreover, that even the existence of a chilling effect "in the area of First Amendment rights, has never been considered a sufficient basis, in and of itself, for prohibiting state action." *Id*. at 51. Therefore, even if the Court decides to reconsider Plaintiff's original motion for a preliminary injunction, he has not proven beyond his own mere speculation that he would suffer immediate irreparable harm in the absence of a preliminary injunction.

In addition, Plaintiff relies on a few cases to argue a preliminary injunction is not held to the *Younger* standard if charges have not yet been filed. *See* ECF No. 22 at 2:15-17. Plaintiff further argues his criminal action is not pending and therefore his case should not be held to that standard. *Id.* However, this is incorrect, as his case is pending in state court because he does have formal charges against him for (1) Obstructing a Public Officer under NRS 197.190; and (2) Resisting a Public Officer under NRS 199.280, which Plaintiff himself has acknowledged. *See* ECF No. 18 at 2:7-8. Consequently, this argument fails.

///

Page 6 of 7

MAC:14687-456 5126495_1 6/20/2023 11:13 AM

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

SER-026

**IV.**     **CONCLUSION**

Based on the foregoing, LVMPD Defendants respectfully request the Court denies Plaintiff's Emergency Motion to Reconsider Motion for Preliminary Injunction to Stay State Proceedings.

Dated this 20th day of June, 2023.

MARQUIS AURBACH

By     *s/Craig R. Anderson*
Craig R. Anderson, Esq.
Nevada Bar No. 6882
Nicholas M. Adams, Esq.
Nevada Bar No. 15859
10001 Park Run Drive
Las Vegas, Nevada 89145
   Attorneys for Defendants LVMPD, Ofc.
   Torrey, Ofc. Bourque, Ofc. Dingle, Ofc.
   Sorenson, Ofc. Sandoval and Ofc.
   Doolittle

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **DEFENDANTS LVMPD, OFC. TORREY, OFC. BOURQUE, OFC. DINGLE, OFC. SORENSON, OFC. SANDOVAL AND OFC. DOOLITTLE'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO RECONSIDER MOTION FOR PRELIMINARY INJUNCTION TO STAY STATE PROCEEDINGS** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 20th day of June, 2023.

☒     I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒     I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants: N/A

     *s/Sherri Mong*
     an employee of Marquis Aurbach

MAC:14687-456 5126495_1 6/20/2023 11:13 AM

SER-027

1  Jose DeCastro
   1258 Franklin St.
2  Santa Monica, CA 90404
   (310) 963-2445
3  chille@situationcreator.com

4

5                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEVADA
6

7  JOSE DECASTRO                          )  Case No.: 2:23-CV-00580
                                          )
8                       Plaintiff,        )  **EMERGENCY MOTION TO**
                                          )  **RECONSIDER MOTION FOR**
9  v.                                     )  **PRELIMINARY INJUNCTION TO**
                                          )  **STAY STATE PROCEEDINGS**
10 LAS VEGAS METROPOLITAN POLICE          )
   DEPARTMENT, et al.                     )
11                                        )  **Emergency Contact info:**
                                          )  Plaintiff: chille@situationcreator.com
12                      Defendants.       )  Phone: Doesn't usually work, sorry
                                          )
13                                        )  Defendants: canderson@maclaw.com
                                          )           or nadams@maclaw.com
   _____       )  Phone: 702-382-0711
14

15        Plaintiff Jose DeCastro ("Plaintiff"), hereby moves this Honorable Court to hear his

16 emergency motion pursuant to Local Rules 7-4, 6-1(d) and Fed. R. Civ. P. Rule 6(c)(1)(C) to

17 reconsider Plaintiff's motion to stay ("Motion") at ECF No. 18 (pursuant to 42 U.S.C.S. § 1983

18 and Fed. R. Civ. P Rule 65) the state criminal proceedings on the claims in this action that are

19 brought under 23-CR-013015, the first hearing of which is to be held at 8:00 A.M. on June 13,

20 2023 at the Justice Court, Las Vegas Township, Clark County, Nevada.

21        This emergency motion is made because of the timing of the criminal action on June 13,

22 2023 that will chill Plaintiff's rights. Plaintiff had expected his internal affairs complaint to have

23 been completed but the LVMPD's own delays have led us here.

                                          1

1       The motion for reconsideration is made under Fed. R. Civ. P. §§ 59(e) and 60(a)(1),

2   requesting consideration and identifying error in the Court's order at ECF No. 19.

3       In support of this motion, Plaintiff submits a memorandum of law, which is fully

4   incorporated herein.

5   **ARGUMENT**

6       This Court has said that Plaintiff "does not explain the nature of the first hearing" on June

7   13,2023, "or how that hearing could impact his claims in this case." The citation did not say what

8   the first hearing is, and so Plaintiff could only guess. Since they're misdemeanor offenses

9   (Motion, Page 2, lines 7-8) which may not grant a probable cause hearing or a grand jury,

10  Plaintiff imagines that worse case the first hearing will be an arraignment. An arraignment

11  resulting in charges will result in Defendants making a motion to stay these proceedings, as they

12  have promised, under *Younger* doctrine. Motion, Attachment 1 at line 19.

13      This Court has cited *Younger v. Harris*, 401 U.S. 37 (1971) which does clearly state that

14  a federal court should only enjoin a *pending* state criminal proceeding only under exceptional

15  circumstances. *However*, the criminal action in the instant action is not pending. The U.S.

16  Supreme Court has held that a preliminary injunction is not held to the strict *Younger* standard if

17  charges have not yet been filed. *Doran v. Salem Inn*, 422 U.S. 922 (1975); *Wooley v. Maynard*,

18  430 U.S. 705 (1977); *Hicks v. Miranda*, 422 U.S. 332 (1975); *Huffman v. Pursue. Ltd.*, 420 U.S.

19  592 (1975); and *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229 (1984).

20      Additionally, The U.S. Supreme Court has said that one is *entitled* to a preliminary

21  injunction when the question is a matter of civil rights as it is in this instant action. From *Wooley*,

22  *Id.* 430 U.S. at 709: "In Younger the Court recognized that principles of judicial economy, as

23  well as proper state-federal relations, preclude federal courts from exercising equitable

2

1    jurisdiction to enjoin ongoing state prosecutions. [citation]. However, when a genuine threat of

2    prosecution exists, a litigant is entitled to resort to a federal forum to seek redress for an alleged

3    deprivation of federal rights."

4         Although death in a corrupt jail would make it impossible to raise constitutional

5    challenges in the state case (Motion, Page 2, lines 9-13), Plaintiff is only required to raise the

6    threat of prosecution chilling his first amendment rights, which would occur if Plaintiff is in jail,

7    which Plaintiff did raise. Motion, Page 3, lines 6-7.

8         This Court has also said that Plaintiff has given no reason to suggest that he will be jailed.

9    In the Motion, Page 1, lines 7-8 the offenses are listed, which are misdemeanors which carry a

10   maximum jail time of 6 months, additionally there is no guarantee of bail before trial.

11   **CONCLUSION**

12        Plaintiff prays for this Court, now that it knows that charges are not pending, reconsider

13   Plaintiff's motion for a preliminary injunction under the proper law, which stems from and is

14   properly cited under *Dombrowski v. Pfister*, 380 U.S. 479, 85 S. Ct. 1116 (1965), which was

15   cited in Plaintiff's original Motion on Page 3, lines 8-9, and 19-20.

16        Plaintiff discussed these later decisions with Defendants in his meet and confer process.

17   If they had raised *Younger* in opposition, Plaintiff would have replied in the same way as here.

18   **DECLARATION OF JOSE DECASTRO**

19        I declare under penalty of perjury, that the foregoing is true and correct.

20   DATED: June 13, 2023             Respectfully submitted,

21

22                                    Jose DeCastro
                                 *Pro Se* Plaintiff

23

3

1  Jose DeCastro
   1258 Franklin St.
2  Santa Monica, CA 90404
   (310) 963-2445
3  chille@situationcreator.com

4

5                    **UNITED STATES DISTRICT COURT**
                          **DISTRICT OF NEVADA**
6

7  JOSE DECASTRO                        )  Case No.: 2:23-CV-00580
                                        )
8              Plaintiff,               )  **EMERGENCY MOTION FOR**
                                        )  **PRELIMINARY INJUNCTION TO**
9  v.                                   )  **STAY STATE PROCEEDINGS**
                                        )
10 LAS VEGAS METROPOLITAN POLICE        )  **Emergency Contact info:**
   DEPARTMENT, et al.                   )  Plaintiff: chille@situationcreator.com
11                                      )  Phone: Doesn't usually work, sorry
                                        )
12             Defendants.              )  Defendants: canderson@maclaw.com
                                        )           or nadams@maclaw.com
13 _____        )  Phone: 702-382-0711

14

15        Plaintiff Jose DeCastro ("Plaintiff"), hereby moves this Honorable Court to hear his

16 emergency motion pursuant to Local Rules 7-4, 6-1(d) and Fed. R. Civ. P. Rule 6(c)(1)(C) to

17 grant Plaintiff's motion to stay (pursuant to 42 U.S.C.S. § 1983 and Fed. R. Civ. P Rule 65) the

18 state criminal proceedings on the claims in this action that are brought under 23-CR-013015, the

19 first hearing of which is to be held at 8:00 A.M. on June 13, 2023 at the Justice Court, Las Vegas

20 Township, Clark County, Nevada.

21        This emergency motion is made because of the timing of the criminal action on June 13,

22 2023 that will chill Plaintiff's rights. Plaintiff had expected his internal affairs complaint to have

23 been completed but the LVMPD's own delays have led us here.

1

SER-031

1    In support of this motion, Plaintiff submits a memorandum of law, which is fully

2    incorporated herein.

3                                       **FACTS**

4    Plaintiff was illegally arrested by Defendants while exercising his civil rights, in violation

5    of his civil rights pursuant to 42 U.S.C.S. § 1983 and in retaliation of Plaintiff's exercise of his

6    civil rights.

7    Plaintiff was cited for (1) "False Statement to or Obstruct Public Officer" NRS 197.190;

8    and (2) "Resisting Public Officer" NRS 199.280.3.

9    Defendants do not contest Plaintiff's claims of excessive force, in their Motion for Partial

10   Dismissal ("Motion") (ECF No. 15, Page 2 at lines 15-16). Plaintiff expects excessive force to

11   continue to be used against him if he is jailed awaiting trial, in retaliation for Plaintiff asserting

12   his rights First Amendment rights and in violation of his First, Fourth, Eighth, and Fourteenth

13   Amendment rights.

14   Defendants now claim additional offenses in their Motion (Page 1 line 28) related to

15   obstruction at a traffic stop, even trying to cite non-existent facts in Plaintiff's Complaint, where

16   no traffic stop is alleged (Motion, Page 2, Line 21).

17   Defendants raise in their Motion only irrelevant cases where members of the public were

18   not exercising their constitutionally protected rights and were in fact causing unsafe situations or

19   inserting themselves into investigations. Plaintiff was exercising his free speech in recording the

20   police and challenging the police's requests to "protect the driver's privacy", completely

21   unrelated to safety. Defendants even make outrageous claims in their Motion that discrimination

22   based on the color of Plaintiff's skin is not illegal discrimination under the Fourteenth

23   Amendment.

2

SER-032

1    Plaintiff only talked to the driver when the officer was in his vehicle and moved back to

2  an area out of the way when the officer left his vehicle. Plaintiff in no way participated in any

3  obstructive behavior beyond the assertion of his rights to free speech. See *Duran v. City of*

4  *Douglas, Ariz.*, 904 F.2d 1372, 1378 (9th Cir. 1990).

5    This Court is the proper forum for Plaintiff's claims, where the threat of a criminal

6  prosecution under a state law that violates the First Amendment won't chill Plaintiff's civil

7  rights, especially as charges have not yet been brought. *Dombrowski v. Pfister*, 380 U.S. 479, 85

8  S. Ct. 1116 (1965). Additionally, a malicious prosecution will further harm Plaintiff and lead to

9  supplemental claims being added to this action.

10                    **MEMORANDUM OF POINTS AND AUTHORITIES**

11    **A. Plaintiff exercising his clearly established right to free speech is not obstruction**

12  **or resisting**. See *Duran v. City of Douglas, Ariz.*, 904 F.2d 1372, 1378 (9th Cir. 1990).

13    **B. Plaintiff had the clearly established First Amendment right to record police.** See

14  *Fordyce v. City of Seattle*, 55 F.3d 436, 439 (9th Cir. 1995), *Askins v. U.S. Dep't of Homeland*

15  *Sec.,* 899 F.3d 1035, 1044 (9th Cir. 2018), *Ford v. City of Yakima* (9th Cir. 2013) 706 F.3d 1188.

16    **C. Plaintiff has the right to not be harassed based on his viral videos criticizing the**

17  **police.** See. *Addison v. City of Baker City*, 758 F. App'x 582 (9th Cir. 2018).

18    **D. This federal district court has the authority to stay an action that chill's**

19  **Plaintiff's civil rights, especially as charges have not yet been brought.** *Dombrowski v.*

20  *Pfister*, 380 U.S. 479, 85 S. Ct. 1116 (1965), Fed. R. Civ. P. Rule 65.

21                                **CONCLUSION**

22    Plaintiff prays for this Court to grant an order or orders for:

23        1. The Justice Court, Las Vegas Township, Clark County, Nevada to stay

3

1    proceedings under 23-CR-013015 until the instant action is finalized.

2                       **DECLARATION OF JOSE DECASTRO**

3        I declare under penalty of perjury, that the foregoing is true and correct.

4

5    DATED: June 8, 2023                       Respectfully submitted,

6

7                                              Jose DeCastro
                                               *Pro Se* Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

4

1  Jose DeCastro
   1258 Franklin St.
2  Santa Monica, CA 90404
   (310) 963-2445
3  chille@situationcreator.com

4

5  **UNITED STATES DISTRICT COURT**
   **DISTRICT OF NEVADA**

6

7  JOSE DECASTRO                          )  Case No.: 2:23-CV-00580
                                          )
8            Plaintiff,                    )  **MEET AND CONFER**
                                          )  **CERTIFICATION (L.R. 7-4) IN**
9  v.                                     )  **SUPPORT OF PLAINTIFF'S**
                                          )  **EMERGENCY MOTION FOR**
10 LAS VEGAS METROPOLITAN POLICE          )  **PRELIMINARY INJUNCTION TO**
   DEPARTMENT, et al.                     )  **STAY STATE PROCEEDINGS**
11                                        )
                                          )
12           Defendants.                   )
                                          )
13 _____       )

14

15       Plaintiff Jose DeCastro ("Plaintiff") contacted opposing counsel several times regarding

16 this motion, specifically emailing back and forth with Craig R. Anderson ("Anderson").

17 Anderson was actually surprised to hear that the criminal complaint proceeding was still going

18 on. Anderson simply indicated that if the criminal proceeding was still going on, which he didn't

19 think it was, that he would be moving to stay the federal proceeding instead of the opposite.

20 DATED: June 8, 2023              Respectfully submitted,

21

22                                  _____
                                    Jose DeCastro
                                    *Pro Se* Plaintiff

23

1

SER-035

1   Jose DeCastro
    1258 Franklin St.
2   Santa Monica, CA 90404
    (310) 963-2445
3   chille@situationcreator.com

4

5                    **UNITED STATES DISTRICT COURT**
                         **DISTRICT OF NEVADA**
6

7   JOSE DECASTRO                        )   Case No.: 2:23-cv-00580-APG-EJY
                                         )
8              Plaintiff,                )   **FIRST AMENDED COMPLAINT FOR**
                                         )   **DAMAGES AND DEMAND FOR**
9   v.                                   )   **JURY TRIAL**
                                         )
10  LAS VEGAS METROPOLITAN POLICE        )   (As a matter of course per Fed. R. Civ.
    DEPARTMENT; STATE OF NEVADA;         )   Proc.15(a)(1)(A))
11  BRANDEN BOURQUE; JASON TORREY;       )
    C. DINGLE; B. SORENSON; JESSE        )
12  SANDOVAL; C. DOOLITTLE;              )
    and DOES 1 to 50, inclusive          )
13                                       )
               Defendants.               )
14  _____ )
                                         )
15

16                          **INTRODUCTION**

17      1. Plaintiff, a member of the press who specifically records police interactions was

18  recording a police officer interaction outside of a Rollin Smoke BBQ in Southwest Las Vegas,

19  Nevada. Five Las Vegas Metropolitan Police officers, including the officer that he was

20  recording, under the guise of protecting the privacy of another citizen in public, without

21  reasonable suspicion that the Plaintiff was involved in any criminal activity, did interfere with,

22  and rob Plaintiff of his liberties while he was in a place that he was lawfully allowed to be, while

23  Plaintiff was performing constitutionally protected activities. The officers detained Plaintiff,

                                        1

SER-036

1  handcuffed, arrested, battered, tortured, forced him into the back of a patrol vehicle, and

2  searched him and his possessions. None of the defendants intervened to prevent the unreasonable

3  detention, arrest, battery, torture, or searches.

4      2. Sadly, the abusive treatment Plaintiff endured for merely asserting his rights and

5  recording the police is not unusual or surprising. This civil rights action seeks to vindicate

6  Plaintiff's constitutional and statutory rights and hold the officers and their department

7  accountable for biased policing practices and the policies (or absence of policies) that resulted in

8  these practices.

9                                    **PARTIES**

10     3. Plaintiff Jose DeCastro ("DeCastro") is an adult over the age of eighteen, a member of

11  the press, and at all times relevant hereto, was and is a resident of the State of California.

12     4. Defendant Las Vegas Metropolitan Police Department ("LVMPD") is a quasi-

13  municipal entity and a political subdivision of the State of Nevada created and regulated by NRS

14  Ch. 258 and at all times relevant hereto, employed all of the individually named Defendants.

15     5. Defendant State of Nevada ("Nevada") is a government entity and at all time relevant

16  hereto, operates, oversees, and manages Defendant LVMPD under the color of state law.

17     6. Defendant Branden Bourque ("Bourque") is, and at all relevant times was, an officer

18  with the LVMPD. In doing the things herein alleged, Bourque was acting under the color of state

19  law and in the course and scope of his employment with Nevada. Bourque is sued in his

20  individual capacity.

21     7. Defendant Jason Torrey ("Torrey") is, and at all relevant times was, a supervisor with

22  the LVMPD. In doing the things herein alleged, Torrey was acting under color of state law and

23  in the course and scope of his employment with Nevada. Torrey is sued in his individual

2

1   capacity, including in his capacity as a supervisor.

2       8. Defendant C. Dingle ("Dingle") is, and at all relevant times was, an officer with the

3   LVMPD. In doing the things herein alleged, Dingle was acting under the color of state law and

4   in the course and scope of his employment with Nevada. Dingle is sued in his individual

5   capacity. Plaintiff does not know the full true name of C. Dingle.

6       9. Defendant B. Sorenson ("Sorenson") is, and at all relevant times was, an officer with

7   the LVMPD. In doing the things herein alleged, Sorenson was acting under the color of state law

8   and in the course and scope of his employment with Nevada. Sorenson is sued in his individual

9   capacity. Plaintiff does not know the full true name of B. Sorenson.

10      10. Defendant Jesse Sandoval ("Sandoval") is, and at all relevant times was, an officer

11  with the LVMPD. In doing the things herein alleged, Sandoval was acting under the color of

12  state law and in the course and scope of his employment with Nevada. Sandoval is sued in his

13  individual capacity.

14      11. Defendant C. Doolittle ("Doolittle") is, and at all relevant times was, an officer with

15  the LVMPD. In doing the things herein alleged, Doolittle was acting under the color of state law

16  and in the course and scope of his employment with Nevada. Doolittle is sued in his individual

17  capacity. Plaintiff does not know the full true name of C. Doolittle.

18      12. The true names and capacities, whether individual, corporate, associate, or otherwise,

19  of Defendants sued herein as Does 1-50, inclusive, are unknown to Plaintiff, who therefore sues

20  said defendants by such fictitious names. Plaintiff will amend this Complaint to show the true

21  names and capacities if and when the same are ascertained. Plaintiff is informed and believes,

22  and thereon alleges, that said Defendants, and each of them, are responsible in some manner for

23  Plaintiff's damages as herein alleged. Each reference in this complaint to "defendant",

3

1  "defendants", "Defendants", or a specifically named defendant also refers to all "Doe"

2  defendants.

3       13. Plaintiff is informed and believes and thereon alleges that each of the Defendants

4  sued herein was negligently, wrongfully, and otherwise responsible in some manner for the

5  events and happenings as hereinafter described, and proximately caused injuries and damages to

6  Plaintiff. Further, one or more Doe Defendants was at all material times responsible for the

7  hiring, training, supervision, and discipline of other defendants, including the individually named

8  and Doe Defendants.

9       14. Plaintiff is informed and believes and thereon alleges that at all times herein

10 mentioned each of the Defendants, including all defendants sued under fictitious names, was the

11 agent and/or employee of each of the other Defendants, and in doing the things hereinafter

12 alleged was acting within the course and scope of such agency and employment.

13      15. Plaintiff is informed and believes and thereon alleges that at all times herein

14 mentioned each of the Defendants, including all defendants sued under fictitious names, was the

15 agent and/or employee of each of the other Defendants, and in doing the things hereinafter

16 alleged, was acting within the course and scope of such agency and employment.

17      16. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants

18 was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator,

19 an/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting

20 within the course and scope of that relationship. Plaintiff is further informed and believes, and

21 thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of

22 the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant

23 as alleged herein, except as may be hereinafter otherwise specifically alleged. At all material

1  times, each Defendant was an integral participant, jointly engaged in constitutionally violative,

2  unlawful, and/or tortious activity, resulting in the deprivation of Plaintiff's constitutional rights

3  and other actionable harm.

4      17. At all material times, each Defendant acted under color of the laws, statutes,

5  ordinances, and regulations of the State of Nevada.

6                        **JURISDICTION AND VENUE**

7      18. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

8  1343(a)(3)-(4) because it arises under the Constitution and laws of the United States, as it is

9  being brought to obtain compensatory and punitive damages for the deprivation, under color of

10  state law, of the rights of a citizen of the United States that are secured by the United States

11  Constitution, pursuant to 42 U.S.C. §§ 1981, 1983, and 1988. This Court has supplemental

12  jurisdiction over the claims arising under Nevada law pursuant to 28 U.S.C § 1367(a).

13      19. This Court is the proper venue pursuant to 28 U.S.C. § 1391(b)(2) because the events

14  giving rise to the claims occurred in the County of Clark in Nevada which is in the U.S. District

15  of Nevada.

16                      **GENERAL FACTUAL ALLEGATIONS**

17      20. At approximately 4:30pm Pacific on March 15, 2023, Plaintiff happened upon a

18  police interaction between a woman sitting in a silver Hyundai Elantra and Bourque who was

19  sitting in a Ford police interceptor with the LVMPD logo on it and the number 19084. Plaintiff

20  does not know the woman's name but will refer to her as "Jane".

21      21. Plaintiff started recording the police interaction on one of his phones, moved to a

22  position approximately 10 feet away from Jane and making sure not to become between Bourque

23  and Jane, he asked her if she, "Was good. Are you okay?"

5

22. Within six seconds, Bourque left his vehicle, got Plaintiff's attention, and told him to back up, which Plaintiff immediately did, giving Bourque an additional five feet.

23. Bourque told Plaintiff to back up again, or he would detain Plaintiff, at which time Plaintiff began asserting his rights to record the interaction, saying "I'm more than 10 feet away. I'm a member of the press. I have a right to be here." Bourque threatened to detain Plaintiff for "obstructing" and said, "She deserves privacy. This is not your business."

24. Plaintiff continued to assert his rights and notified Bourque that Plaintiff was a member of the press at which time Bourque got upset and said that he was detaining Plaintiff.

25. Bourque told Jane to leave and started walking aggressively toward Plaintiff as if to use force, and Plaintiff took a step back to prevent any physical confrontation.

26. Plaintiff continued to protest Bourque putting his hands on him unnecessarily, but Bourque was patently interested in manhandling Plaintiff in some way, and said "Listen, I *am* going to put my hands on you." Bourque did indeed batter Plaintiff.

27. While Plaintiff was firm in his verbal tone, he never screamed or yelled, he never threatened Defendants, and never said or did anything that would have led a reasonable law enforcement officer to fear for their safety or to suspect that Plaintiff committed, or was planning on committing, any crime.

26. Plaintiff asked for a supervisor and while continuing to protest against illegal detainment and against the use of unnecessary force, Plaintiff offered to walk to Bourque's vehicle which seemed to be where the officer wanted to illegally detain Plaintiff. As soon as Plaintiff reached the vehicle, he was forcefully grabbed and told that he was being placed under arrest.

27. Plaintiff was patted down and placed in handcuffs. Plaintiff made Defendants aware

6

1   of a prior shoulder injury, and Plaintiff was put in two pairs of handcuffs to adhere to his medical

2   needs. Although later during the encounter, a Defendant police officer would yank and squeeze

3   forcefully on Plaintiff's arm, over and over and over, hurting his arm and shoulder unnecessarily.

4        28. Plaintiff was soon surrounded by four different police officers, now Defendants,

5   where he continued to protest that they had no valid reason to detain or arrest him. Bourque

6   accused Plaintiff of being on drugs based on the color of his skin. Plaintiff said that he did not

7   have a criminal record and Bourque entered his vehicle to type up a report.

8        29. Soon after, one of the Defendant officers demanded that Plaintiff look only straight

9   ahead and when Plaintiff did not immediately comply, the Defendant began squeezing Plaintiff's

10   elbow, placing pressure on Plaintiff's ulnar nerve.

11        30. Plaintiff complained about the pain and protested against needing to look in a specific

12   direction to have an arrest effectuated on him.

13        31. The Defendant squeezing Plaintiff's elbow said that it was within their policy to

14   squeeze elbows for people in their custody that did not comply with random commands that

15   would grant complete dominion over another human being; from which way Plaintiff's head

16   could turn, to his right to use speech, or when he can blink.

17        32. Plaintiff did experience severe pain and paresthesia from the compression of his ulnar

18   nerve.

19        33. When Plaintiff pleaded for help from the surrounding Defendant officers, they

20   completely ignored Plaintiff. Plaintiff told them, "You're going to be sued for Failing to

21   intervene. I'm sitting here telling you this man is torturing me. Please ask him to stop." Plaintiff

22   was ignored by all sworn peace officers on the scene, who are now Defendants.

23        34. Plaintiff's elbow was squeezed for approximately fifteen (15) minutes in total before

1   Plaintiff's pain tolerance forced him to tear his elbow away from the Defendant officer.

2       35. At some point, Defendant Torrey, the supervisor, arrived on the scene and authorized

3   the Defendants' behavior as being within their policy. Torrey then stated that Plaintiff should be

4   arrested to discourage Plaintiff's behavior.

5       36. All the Defendants on the scene knew that there was no reasonable suspicion or

6   probable cause to suspect Plaintiff of any crimes, but wrongfully believed that they were justified

7   in detaining Plaintiff for assertion of his civil rights and for refusing to cooperate with the

8   Defendants' feelings and ridiculous unreasonable demands on a law-abiding citizen.

9       37. Bourque engaged in profiling against members of the press when he stated that First

10  Amendment Auditors are known for dropping their phone, pulling out guns and shooting at

11  officers, which is preposterous and provably false.

12      38. A Defendant officer said that Plaintiff needed to be patted down again. Plaintiff

13  protested that he'd already been patted down by two officers. The officer then spread Plaintiff's

14  legs uncomfortably wide and purposely and maliciously, and with significant force, struck

15  Plaintiff in the testicles with what felt like a closed fist. Plaintiff yelled in pain, "I can't believe

16  you just hit me in the nuts!"

17      39. Plaintiff was forcibly placed into a police vehicle by Defendants who pulled the seat

18  belt as tight as they could, knocking the air out of the Plaintiff. Plaintiff again pleaded for help

19  from surrounding officers, but he was ignored again.

20      40. B. Sorenson attempted to get Plaintiff arrested for NRS 202.487 for having his dog in

21  a vehicle, even though Plaintiff's animal was not in unsafe conditions. Plaintiff was searched and

22  transported to the Clark County Jail where he would not be formally charged, but only released

23  with citations, approximately five hours after the incident began.

8

1    41. The officers' actions left Plaintiff in the position where he had to pay for a ride back

2  to his vehicle and did pay monies for such a ride. On the arm that Defendant squeezed, Plaintiff

3  was left with a severe bruise in his elbow area, continues to have paresthesia in his index and

4  thumb, and requires ongoing medical care. Almost a month after the incident, B. Sorenson

5  continues to harass Plaintiff by warning him against violating NRS 202.487 although Plaintiff

6  has never left his pet in unsafe conditions.

7    42. As a result of the Defendants' actions, Plaintiff suffered a deprivation of his rights

8  and liberties, sustained physical injuries, and suffered physical pain, mental suffering, emotional

9  distress, fear, embarrassment, and other general damages in an amount to be proven at trial.

10    43. At no time during the encounter with Defendants did Plaintiff do or say anything that

11  would put a reasonable officer in fear of his or her safety.

12    44. Following the incident, Bourque claimed in a written incident report that the reason

13  why Plaintiff was arrested was for engaging with a detained driver, refusing to give an officer

14  reasonable space to work, and refusing to obey lawful commands after being advised that he was

15  detained. A detained person's rights are only limited as to leaving. A police officer's, specifically

16  Defendant Bourque's, feelings about lawful behavior must be weighed against a citizen's rights.

17  The Defendants' behavior did not follow LVMPD's Use of Force policy and Interactions With

18  the Public policy.

19    45. The written report by Bourque also claimed:

20    Because DeCastro was physically uncooperative with officers, admitted to being
     in trouble numerous times in the past for similar reasons, and would not even
21    allow officers to explain to him why he was detained or placed in handcuffs, we
     determined that he was not a good candidate for a citation and release. Because of
22    DeCastro's actions it was clear that his criminal behavior would continue in the
     area if police did not act.

23

9

46. Plaintiff did not admit to "being in trouble numerous times" but said the opposite. The facts in the incident report were either fabricated or merely pretextual. Even if the facts set forth in Defendant Bourque's report were true (which the video evidence disputes), those facts still did not give rise to a reasonable suspicion to detain Plaintiff (Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868 (1968)), and certainly did not furnish probable cause to arrest Plaintiff. Plaintiff stated early in the encounter that he had no criminal record, and there wasn't any criminal behavior. At that point, a reasonable officer would have left the Plaintiff alone. Bourque never told Plaintiff that there was an investigation or that he was interfering with it. Rather, Bourque only demanded that Plaintiff respect Jane's privacy in public. Defendant Bourque seemed only intent on preventing Plaintiff from recording the police interaction. This is probably because Plaintiff has recently covered several stories about LVMPD that went viral on the internet.

47. Plaintiff is informed and believes, and intends to prove after conducting relevant discovery, that Defendants' actions in detaining and/or arresting Plaintiff, using force on him, and illegally searching him and his belongings, was motivated largely or entirely by the following (1) Plaintiffs' position as a member of the press that records police interactions for accountability, and that was engaging in this First Amendment protected activity (2) Plaintiff's negative viewpoint of police who all contribute or hold silent (the thin blue line) about police brutality, and/or (3) Plaintiffs' verbal protestations of the Defendants' actions and Plaintiff's accusation that the Defendants were harassing him. Indeed, as shown on the video footage captured by Plaintiff's cell phone and the video footage Plaintiff expects to obtain from the Defendants' body cams, Plaintiff did not do or say anything that would have provided reasonable suspicion or probable cause for the detention and/or arrest, excessive use of force, and subsequent searches. Therefore, there is a strong inference that the Defendants were in fact

1  motivated by one or more of the three factors enumerated above.

2  **FIRST CAUSE OF ACTION**
**42 U.S.C. Section 1983 – Fourth Amendment**
3  **(Against Bourque, Torrey, Dingle, Sorenson, Sandoval, Doolittle, and Does 1 – 25)**

4  48. Plaintiff refers to paragraphs 1-47 of this Complaint and incorporates by reference the

5  allegations of said paragraphs as though expressly set forth at length at this point.

6  49. By the actions and omissions described above, the Defendants, acting under color of

7  state law in their individual capacities, and as integral participants, violated Plaintiffs' rights

8  under the Fourth Amendment to the U.S. Constitution and equivalent rights under the Nevada

9  State Constitution. These deprivations include, but are not limited to:

10  a. The right to be free from detention without reasonable suspicion;

11  b. The right to be free from arrest without probable cause;

12  c. The right to be free from unreasonable search and seizure of property;

13  d. The right to be free from excessive force and unreasonable force and

14  restraint in the course of an arrest.

15  50. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights

16  described herein, knowingly, maliciously, and with conscious and reckless disregard for whether

17  the rights of Plaintiff would be violated by their acts and/or omissions. Defendants' acts and/or

18  omissions were the moving force behind, and proximately caused, injuries and damages to

19  Plaintiff as set forth above.

20  51. Defendants' conduct entitles Plaintiff to punitive damages and penalties allowable

21  under 42 U.S.C. § 1983 and Nevada law in an amount sufficient to punish and deter such

22  conduct. No punitive damages are sought against Nevada.

23

11

SER-046

**SECOND CAUSE OF ACTION**
**42 U.S.C. Section 1983 – Fourteenth Amendment**
**(Against Bourque, Torrey, Dingle, Sorenson, Sandoval, Doolittle, and Does 1 – 25)**

52. Plaintiff refers to paragraphs 1-51 of this Complaint and incorporates by reference the allegations of said paragraphs as though expressly set forth at length at this point.

53. By the actions and omissions described above, Defendants, acting under color of state law in their individual capacities, and as integral participants, violated Plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution and equivalent rights under the Nevada State constitution. Defendants intentionally discriminated against Plaintiffs based on the color of his skin, his position as a member of the press, and due to his political affiliation and viewpoints. Defendants would not have harassed, detained, arrested, used force on, and searched Plaintiff if he had been more like them. In particular, according to Defendants' own incident reports, one of the facts upon which they relied in detaining and/or arresting Plaintiff is that there were previous incidents involving members of the press dropping their cameras and pulling out guns. Choosing to detain Plaintiff – a member of the press – based on alleged actions and/or involvement of other members of the press and due to the color of his skin is illegal profiling and prohibited by the Fourteenth Amendment's Equal Protection Clause and by NRS 289.510. If the Defendants had been told that a man of their skin color trying to get police officers autographs (instead of photographing police interactions for accountability) had pulled guns on police, it is virtually certain that Defendants never would have detained, arrested, or searched such a person in the same parking lot in the same location.

54. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights of Plaintiff would be violated by their acts and/or omissions. Defendants' acts and/or

1    omissions were the moving force behind, and proximately caused, injuries and damages to

2    Plaintiff as set forth above.

3         55. Defendants' conduct entitles Plaintiff to punitive damages and penalties allowable

4    under 42 U.S.C. § 1983 and Nevada law in an amount sufficient to punish and deter such

5    conduct. No punitive damages are sought against Defendant Nevada.

6                              **THIRD CAUSE OF ACTION**
                        **42 U.S.C. Section 1983 – First Amendment**
7        **(Against Bourque, Torrey, Dingle, Sorenson, Sandoval, Doolittle, and Does 1-25)**

8         56. Plaintiff refers to paragraphs 1-55 of this Complaint and incorporates by reference the

9    allegations of said paragraphs as though expressly set forth at length at this point.

10        57. By the actions and omissions described above, Defendants, acting under color of state

11   law in their individual capacities, and as integral participants, violated Plaintiff's rights under the

12   First Amendment to the U.S. Constitution and equivalent rights under the Nevada State

13   constitution. In particular, Defendants retaliated against Plaintiff for his speech, including his

14   verbal protests and criticisms of the Defendants' actions in investigating, detaining, and arresting

15   Plaintiffs without any basis, his exercise of his right to refuse to cooperate in what started as a

16   consensual encounter, and his exercise of his right to record police interactions. Plaintiff also

17   believes Defendants retaliated against him for refusing to cooperate in a consensual encounter,

18   which is also protected activity under the First Amendment and equivalent rights under the

19   Nevada State constitution.

20        58. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights

21   described herein, knowingly, maliciously, and with conscious and reckless disregard for whether

22   the rights of Plaintiff would be violated by their acts and/or omissions. Defendants' acts and/or

23   omissions were the moving force behind, and proximately caused injuries and damages to

1    Plaintiff as set forth above.

2         59. Defendants' conduct entitles Plaintiff to punitive damages and penalties allowable

3    under 42 U.S.C. § 1983 and Nevada law in an amount sufficient to punish and deter such

4    conduct. No punitive damages are sought against Defendant Nevada.

5                            **FOURTH CAUSE OF ACTION**
     **42 U.S.C. Section 1983 – Monell and Supervisor Liability**
6         **(Against LVMPD, Nevada, Torrey, and Does 26-50)**

7         60. Plaintiff refers to paragraphs 1-59 of this Complaint and incorporates by reference the

8    allegations of said paragraphs as though expressly set forth at length at this point.

9         61. The unconstitutional actions and/or omissions of Defendants Bourque, Torrey,

10   Dingle, Sorenson, Sandoval, Doolittle, and Does 1-25 were pursuant to the following customs,

11   policies, practices, and/or procedures of Defendant LVMPD and Nevada, and which were

12   directed, encouraged, allowed and/or ratified by policymaking officials with Nevada and the

13   LVMPD:

14             a. To carry out or tolerate unlawful detentions without reasonable suspicion;

15             b. To carry out or tolerate unlawful arrests without probable cause;

16             c. To carry out or tolerate detentions and arrests based on citizens' refusal to

17        cooperate with consensual encounters;

18             d. To carry out or tolerate detentions and arrests based on citizens' exercise of

19        their First Amendment right to criticize and verbally protest deputies' actions;

20             e. To use or tolerate excessive force;

21             f. To carry out or tolerate unlawful searches of persons and properties;

22             g. To carry out or tolerate discriminatory and biased policing and/or racial

23        profiling;

14

1       h. To fail to institute, require, and enforce proper and adequate training,

2    supervision, policies, and procedures concerning each of the foregoing practices;

3       i. To fail to institute, require, and enforce proper and adequate training,

4    supervision, policies, and procedures within the LVMPD concerning the fear experienced

5    by people of different skin color and other minorities (including cop watching activists)

6    when interacting with law enforcement in light of well documented, highly publicized,

7    and disproportionate amount of violence committed by law enforcement against said

8    groups, and the tactics that LVMPD officers should employ in dealing with said groups

9    in light of such fears (especially where, as here, they have been explicitly made known to

10    the officers);

11       j. To ignore and/or fail to properly investigate, supervise, discipline, and/or

12    terminate officers who have engaged in unlawful or unconstitutional law enforcement

13    activity;

14       k. To allow officers to file false police reports.

15    62. Defendant Nevada, LVMPD, and Does 26-50 failed to properly screen, hire, train,

16    instruct, monitor, supervise, evaluate, investigate, discipline and/or terminate Defendants

17    Bourque, Torrey, Dingle, Sorenson, Sandoval, Doolittle, and Does 1-25 with deliberate

18    indifference to Plaintiff's constitutional rights. Specifically, Defendants that tortured Plaintiff. In

19    a country that is based on respecting Constitutional Rights, those officers are tyrants and a

20    menace, and their actions are unbecoming of being called "An Officer". The men who watched

21    them do what they did should have to pay for this lawsuit out of their own pockets. Plaintiff

22    offered Bourque, "To not sue you, take these cuffs off me and let's talk about what we both

23    expect from one-another, cops and cop watchers." Meaning Defendant Bourque had the

1    opportunity to avoid this promised litigation. What could have been settled in a meeting will now

2    cost the taxpayers.

3         63. The unconstitutional actions of Defendants Bourque, Torrey, Dingle, Sorenson,

4    Sandoval, Doolittle, and Does 1-25 were approved, tolerated, and/or ratified by policymaking

5    officers for Defendant Nevada and the LVMPD.

6         64. The aforementioned customs, policies, practices, and procedures, and the failure to

7    properly screen, hire, train, instruct, monitor, supervise, evaluate, investigate, discipline and

8    terminate, and the unconstitutional approval, ratification and/or toleration of the wrongful

9    conduct of Defendants Bourque, Torrey, Dingle, Sorenson, Sandoval, Doolittle, and Does 1-25

10   were a moving force and/or proximate cause of the deprivation of Plaintiff's clearly established

11   constitutional rights under the United States and the State of Nevada.

12        65. As the supervisor on scene, Defendant Torrey had an obligation to ensure that his

13   subordinates, including Defendants Bourque, Torrey, Dingle, Sorenson, Sandoval, Doolittle, and

14   Does 1-25 refrained from violating Plaintiff's Constitutional rights and prevented other peace

15   officers from violating Plaintiff's rights.

16        66. Because Defendant Torrey learned and was apprised of the relevant facts surrounding

17   the arrest and/or detention of Plaintiff, the use of force on Plaintiff, and the search of his person

18   and property, and because he knew that such actions were illegal and unconstitutional, Torrey

19   was obligated to immediately terminate those unconstitutional actions, and by failing to do so,

20   Torrey is liable in his role as a supervisor. Torrey said specifically something to the effect of,

21   "No, you have to be arrested because you've done this before, and we want to deter the

22   behavior". Torrey openly stated he didn't want Plaintiff to film the police and he would put

23   charges on Plaintiff because Plaintiff is a nationally known Cop Watcher. LVMPD was well

16

1   aware of who Plaintiff is and what he does.

2       67. As a direct and proximate result of Defendants' conduct, Plaintiff suffered injuries

3   and damages as set forth above.

4                           **FIFTH CAUSE OF ACTION**
                            **42 U.S.C. Section 1981**
5       **(Against Bourque, Torrey, Dingle, Sorenson, Sandoval, Doolittle, and Does 1-25)**

6       68. Plaintiff refers to paragraphs 1-67 of this Complaint and incorporates by reference the

7   allegations of said paragraphs as though expressly set forth at length at this point.

8       69. In doing the things herein alleged, Defendants intentionally discriminated against

9   Plaintiffs because of his race and political affiliation and viewpoints, thereby depriving him of

10  his right to the full and equal benefit of all laws and proceedings for the security of persons and

11  property as is enjoyed by all other citizens.

12      70. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights

13  described herein, knowingly, maliciously, and with conscious and reckless disregard for whether

14  the rights of Plaintiff would be violated by their acts and/or omissions. Defendants' acts and/or

15  omissions were the moving force behind, and proximately caused injuries and damages to

16  Plaintiff as set forth above.

17      71. Defendants' conduct entitles Plaintiff to punitive damages and penalties allowable

18  under 42 U.S.C. § 1983 and Nevada law in an amount sufficient to punish and deter such

19  conduct. No punitive damages are sought against Defendant Nevada.

20                          **SIXTH CAUSE OF ACTION**
                            **Assault**
21                          **(Against All Defendants)**

22      72. Plaintiff refers to paragraphs 1-71 of this Complaint and incorporates by reference the

23  allegations of said paragraphs as though expressly set forth at length at this point.

17

73. In doing the things herein alleged, Defendants intentionally, and without consent or legal justification, attempted to make a harmful and/or offensive physical contact with Plaintiff and thereby placed Plaintiff in fear of an imminent harmful or offensive contact.

74. As a direct and proximate result of Defendants' conduct, Plaintiff was harmed.

75. Defendants Nevada and LVMPD are vicariously liable for the acts and omissions of their employees acting in the course and scope of said employment, pursuant to NRS 41.032.

76. The conduct of the individual Defendants was malicious and oppressive in that they intended to harm Plaintiff and deprive him of his rights, or their actions were despicable and carried out with a willful and conscious disregard for Plaintiff's rights and safety, entitling Plaintiff to punitive damages pursuant to NRS 42.005. No punitive damages are being sought against Defendant Nevada.

**SEVENTH CAUSE OF ACTION**
**Battery**
**(Against All Defendants)**

77. Plaintiff refers to paragraphs 1-76 of this Complaint and incorporates by reference the allegations of said paragraphs as though expressly set forth at length at this point.

78. In doing the things herein alleged, Defendants intentionally, and without consent or legal justification, touched Plaintiff in a harmful and offensive manner.

79. As a direct and proximate result of Defendants' conduct, Plaintiff suffered injuries and damages as set forth above.

80. Defendants Nevada and LVMPD are vicariously liable for the acts and omissions of its employees acting in the course and scope of said employment, pursuant to NRS 42.005.

81. The conduct of the individual Defendants was malicious and oppressive in that they intended to harm Plaintiff and deprive him of his rights or their actions were despicable and

18

1 | carried out with a willful and conscious disregard for Plaintiff'' rights and safety, entitling

2 | Plaintiff to punitive damages pursuant to NRS 42.005. No punitive damages are being sought

3 | against Defendant Nevada.

4 | **EIGTH CAUSE OF ACTION**
**False Arrest and Imprisonment**
5 | **(Against All Defendants)**

6 | 82. Plaintiff refers to paragraphs 1-81 of this Complaint and incorporates by reference the

7 | allegations of said paragraphs as though expressly set forth at length at this point.

8 | 83. In doing the things herein alleged, Defendants intentionally arrested and/or detained

9 | Plaintiff without a warrant or other legal justification, and in doing so restrained Plaintiff,

10 | handcuffed him, and placed him in patrol cars against his will, thereby depriving him of his

11 | freedom of movement.

12 | 84. As a direct and proximate result of Defendants' conduct, Plaintiff suffered injuries

13 | and damages as set forth above.

14 | 85. Defendants Nevada and LVMPD are vicariously liable for the acts and omissions of

15 | its employees acting in the course and scope of said employment, pursuant to NRS 42.005.

16 | 86. The conduct of the individual Defendants was malicious and oppressive in that they

17 | intended to harm Plaintiff and deprive him of his rights or their actions were despicable and

18 | carried out with a willful and conscious disregard for Plaintiff'' rights and safety, entitling

19 | Plaintiff to punitive damages pursuant to NRS 42.005. No punitive damages are being sought

20 | against Defendant Nevada.

21 | **NINTH CAUSE OF ACTION**
**Invasion of Privacy**
22 | **(Against All Defendants)**

23 | 87. Plaintiff refers to paragraphs 1-86 of this Complaint and incorporates by reference the

19

SER-054

1   allegations of said paragraphs as though expressly set forth at length at this point.

2       88. During the incident giving rise to this action, Plaintiff had a reasonable expectation of

3   privacy in his personal affairs, including the contents of his personal belongings such as vehicles,

4   pockets, wallets, cell phones and other electronic devices.

5       89. In doing the things herein alleged, Defendants intentionally invaded and intruded into

6   Plaintiff's personal and private affairs by searching his belongings without a warrant or other

7   legal justification.

8       90. Defendants' invasion of Plaintiff's privacy would have been offensive to any

9   reasonable person.

10       91. As a direct and proximate result of Defendants' conduct, Plaintiff was harmed.

11       92. Defendants Nevada and LVMPD are vicariously liable for the acts and omissions of

12   its employees acting in the course and scope of said employment, pursuant to NRS 42.005.

13       93. The conduct of the individual Defendants was malicious and oppressive in that they

14   intended to harm Plaintiff and deprive him of his rights or their actions were despicable and

15   carried out with a willful and conscious disregard for Plaintiff'' rights and safety, entitling

16   Plaintiff to punitive damages pursuant to NRS 42.005. No punitive damages are being sought

17   against Defendant Nevada.

18                 **TENTH CAUSE OF ACTION**
                           **Negligence**

19                **(Against All Defendants)**

20       94. Plaintiff refers to paragraphs 1-93 of this Complaint and incorporates by reference the

21   allegations of said paragraphs as though expressly set forth at length at this point.

22       95. The individual Defendants owed Plaintiff a duty to use reasonable care in connection

23   with the parties' interactions as described herein. In particular, said Defendants had a duty to

1    carefully investigate any criminal activity, to use care to avoid subjecting Plaintiff to an illegal

2    detention, arrest, seizure, retaliation for exercise of free speech, free press, or petition for redress

3    of grievances, use of force, or deprivation of any of the other rights enumerated herein, and to

4    use reasonable care to avoid engaging in biased policing or racial and political affiliation

5    profiling.

6       96. In doing the things herein alleged, Defendants breached the applicable duty of care by

7    acting unreasonably, carelessly, negligently and/or recklessly.

8       97. As a direct and proximate result of Defendants' conduct, Plaintiff suffered injuries

9    and damages as set forth above.

10      98. Defendants Nevada and LVMPD are vicariously liable for the acts and omissions of

11    its employees acting in the course and scope of said employment, pursuant to NRS 42.005.

12      99. The conduct of the individual Defendants was malicious and oppressive in that they

13    intended to harm Plaintiff and deprive him of his rights, or their actions were despicable and

14    carried out with a willful and conscious disregard for Plaintiff's rights and safety, entitling

15    Plaintiff to punitive damages pursuant to NRS 42.005. No punitive damages are being sought

16    against Defendant Nevada.

17                       **PRAYER**

18      Plaintiff prays for damages as follows:

19      a. For compensatory damages in an amount according to proof;

20      b. For punitive damages in the amount of $5,000,000 or in an amount sufficient to punish

21    Defendants conduct and deter similar conduct in the future, pursuant to 42 U.S.C. Section 1983

22    (no punitive damages are sought against Defendant Nevada);

23      c. For all applicable statutory penalties;

SER-056

1      d. For attorneys' fees pursuant to 42 U.S.C. Section 1988;

2      e. For costs of suit;

3      f. For such other and further relief as the Court deems just and proper.

4                     **DEMAND FOR JURY TRIAL**

5      Plaintiff hereby demands a trial by jury.

6                          **DECLARATION**

7      I declare under penalty of perjury, that the foregoing is true and correct.

8  DATED: May 7, 2023               Respectfully submitted,

9

10                           Jose DeCastro

11                           1258 Franklin St.
Santa Monica, CA 90404

12                           chille@situationcreator.com
(310) 963-2445

13                           *Pro Se*

14

15

16

17

18

19

20

21

22

23



```
FILED                    RECEIVED
ENTERED                  SERVED ON
              COUNSEL/PARTIES OF RECORD

        AUG 1 1 2023

      CLERK US DISTRICT COURT
        DISTRICT OF NEVADA
BY: _____ DEPUTY
```

1

2   Jose DeCastro
    1258 Franklin St.
3   Santa Monica, CA 90404
    (310) 963-2445
4   chille@situationcreator.com

5

6                  **UNITED STATES DISTRICT COURT**
                        **DISTRICT OF NEVADA**
7

8   JOSE DECASTRO                )   Case No.: 2:23-CV-00580
                                 )
9                Plaintiff,       )   **PLAINTIFF'S NOTICE OF APPEAL**
                                 )
10  v.                           )   **(Preliminary Injunction Appeal)**
                                 )
11  LAS VEGAS METROPOLITAN POLICE )
    DEPARTMENT, et al.            )
12                               )
                                 )
13               Defendants.      )
                                 )
14  _____ )

15

16        PLEASE TAKE NOTICE that Plaintiff Jose DeCastro ("Plaintiff"), in the above-named

17  case and pursuant to 28 U.S.C. §1292(a)(1), hereby appeals to the United States Court of

18  Appeals for the Ninth Circuit from this Court's Order of June 12, 2023 (ECF No. 19), denying

19  Plaintiff's motion for preliminary injunction, and from this Court's Order of August 7, 2023

20  (ECF No. 39), denying Plaintiff's motion for reconsideration of the Order of June 12, 2023, as

21  well as any and all interlocutory rulings, decisions and orders that gave rise to said Orders.

22        The denial of this Preliminary Injunction has had irreparable consequences for the

23  Plaintiff. The decisions in this appeal fall under mootness exemptions because it is likely to

    reoccur to the same complaining party, and the legal question is in the public interest as

                                          1

1

2   important to national policy.

3          Pursuant to Circuit Rule 3-3, Preliminary injunction appeal(s) in the Ninth Circuit shall

4   be on an expedited processing track.

5   DATED: 22:01                                              Respectfully submitted,

6

7                                                             José DeCastro
                                                             *Pro Se* Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Generated: Aug 11, 2023 3:58PM                                                                    Page 1/1

# U.S. District Court

### Nevada None - Las Vegas

Receipt Date: Aug 11, 2023 3:58PM

Jose DeCastro

Rcpt. No: 200005264                    Trans. Date: Aug 11, 2023 3:58PM                    Cashier ID: #AZ

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|---|---|---|---|---|---|
| 203 | Notice of Appeal/Docketing Fee | | 1 | 505.00 | 505.00 |

| CD | Tender | Amt |
|---|---|---|
| CC | Credit Card | $505.00 |

| | |
|---|---|
| Total Due Prior to Payment: | $505.00 |
| Total Tendered: | $505.00 |
| Total Cash Received: | $0.00 |
| Cash Change Amount: | $0.00 |

**Comments**: 2:23-cv-00580-APG-EJY

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.

APPEAL

# United States District Court
## District of Nevada (Las Vegas)
## CIVIL DOCKET FOR CASE #: 2:23-cv-00580-APG-EJY

DeCastro v. Las Vegas Metropolitan Police Department et al
Assigned to: Judge Andrew P. Gordon
Referred to: Magistrate Judge Elayna J. Youchah
Case in other court: Ninth Circuit, 23-16089
Cause: 42:1983 Civil Rights Act

Date Filed: 04/17/2023
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Jose DeCastro**                            represented by   **Jose DeCastro**
                                                              1258 Franklin St
                                                              Santa Monica, CA 90404
                                                              310-963-2445
                                                              PRO SE

V.

**Defendant**

**Las Vegas Metropolitan Police**           represented by   **Craig R. Anderson**
**Department**                                                Marquis & Aurbach
                                                              10001 Park Run Drive
                                                              Las Vegas, NV 89145
                                                              702-382-0711
                                                              Fax: 702-382-5816
                                                              Email: canderson@maclaw.com
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Nicholas Adams**
                                                              Marquis Aurbach
                                                              10001 Park Run Drive
                                                              Las Vegas, NV 89145
                                                              702-382-0711
                                                              Email: nadams@maclaw.com
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**State of Nevada**

**Defendant**

**Branden Bourque**                          represented by

SER-061

**Craig R. Anderson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas Adams**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jason Torrey**                    represented by **Craig R. Anderson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas Adams**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**C Dingle**                        represented by **Craig R. Anderson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas Adams**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**B Sorenson**                      represented by **Craig R. Anderson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas Adams**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jesse Sandoval**                  represented by **Craig R. Anderson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas Adams**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**C Doolittle**                    represented by **Craig R. Anderson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas Adams**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/17/2023 | | Case randomly assigned to Judge Andrew P. Gordon and Magistrate Judge Elayna J. Youchah. (KF) (Entered: 04/17/2023) |
| 04/17/2023 | 2 | COMPLAINT against Branden Bourque, C Dingle, Doolittle, Las Vegas Metropolitan Police Department, Jesse Sandoval, B Sorenson, State of Nevada, Jason Torrey (Filing fee $402 - PAID) by Jose DeCastro. Certificate of Interested Parties due by 4/27/2023. Proof of service due by 7/16/2023. (Attachments: # 1 Receipt 200003606) (KF) (Additional attachment(s) added on 4/18/2023: # 2 Civil Cover Sheet) (KF). (Entered: 04/18/2023) |
| 04/17/2023 | 3 | SUMMONS ISSUED as to Branden Bourque, C Dingle, Doolittle, Las Vegas Metropolitan Police Department, Jesse Sandoval, B Sorenson, State of Nevada, Jason Torrey re 2 Complaint. (KF) (Entered: 04/18/2023) |
| 04/17/2023 | 4 | ADVISORY LETTER and Consent for Electronic Service of Documents to litigant. (Attachments: # 1 Consent for Electronic Service of Documents) (KF) (Entered: 04/18/2023) |
| 04/18/2023 | 1 | MOTION for Pro Se Litigant to File Electronically by Plaintiff Jose DeCastro. Responses due by 5/2/2023. (KF) (Entered: 04/18/2023) |
| 04/18/2023 | 5 | ORDER. IT IS ORDERED that Plaintiff's Motion by Pro Se Litigant to Obtain Electronic-Case Filing Rights Pursuant to L.R. IC 2-1(b) (ECF No. 1 ) is GRANTED. IT IS FURTHER ORDERED that Plaintiff must submit the Consent for Electronic Service of Documents on or before 5/18/2023 to the Clerk of Court. IT IS FURTHER ORDERED that the Clerk of Court must send Plaintiff the form Consent for Electronic Service of Documents and instructions for the same. Plaintiff is not authorized to file electronically until the Consent form is submitted within the time frame specified. Upon timely submitting the Consent form, Plaintiff must contact the CM/ECF Help Desk at (702) 464-5555 to set up a CM/ECF account. |

| | | |
|---|---|---|
| | | Signed by Magistrate Judge Elayna J. Youchah on 4/18/2023. (Attachments: # 1 Consent for Electronic Service of Documents)(Copies have been distributed pursuant to the NEF - KF) (Entered: 04/19/2023) |
| 04/28/2023 | 6 | CLERK'S NOTICE. To date, a Certificate of Interested Parties has not been filed, pursuant to LR 7.1-1, by Jose DeCastro. Certificate of Interested Parties due by 5/5/2023. **(no image attached)** (KF) (Entered: 04/28/2023) |
| 04/28/2023 | 7 | SUMMONS Returned Executed by Las Vegas Metropolitan Police Department re 3 Summons Issued. Las Vegas Metropolitan Police Department served on 4/28/2023. (LOE) (Entered: 05/01/2023) |
| 04/28/2023 | 8 | MOTION for early discovery by Plaintiff Jose DeCastro. Responses due by 5/12/2023. (LOE) (Entered: 05/01/2023) |
| 04/28/2023 | 9 | MOTION for extension of time to serve summons by Plaintiff Jose DeCastro. Responses due by 5/12/2023. (LOE) (Entered: 05/01/2023) |
| 04/28/2023 | 10 | MOTION for Leave to file first amended complaint by Plaintiff Jose DeCastro. Responses due by 5/12/2023. (LOE) (Entered: 05/01/2023) |
| 05/01/2023 | 11 | CERTIFICATE of Interested Parties by Jose DeCastro. There are no known interested parties other than those participating in the case. (JQC) (Entered: 05/02/2023) |
| 05/02/2023 | 12 | ORDER. IT IS HEREBY ORDERED that Plaintiff's Motions for Early Discovery, Extension of Time to Serve Summons, and for Leave to File First Amended Complaint 8 , 9 , 10 are DENIED. Signed by Magistrate Judge Elayna J. Youchah on 5/2/2023. (Copies have been distributed pursuant to the NEF - LOE) (Entered: 05/02/2023) |
| 05/07/2023 | 13 | AMENDED COMPLAINT with Jury Demand against Branden Bourque, C Dingle, C Doolittle, Las Vegas Metropolitan Police Department, Jesse Sandoval, B Sorenson, State of Nevada, Jason Torrey by Jose DeCastro. Adds and removes parties. (JQC) (Entered: 05/08/2023) |
| 05/09/2023 | 14 | CERTIFICATE OF SERVICE for 13 Amended Complaint by Plaintiff Jose DeCastro. (JQC) (Entered: 05/09/2023) |
| 06/01/2023 | 15 | MOTION to Dismiss 13 Amended Complaint by Defendants Branden Bourque, C Dingle, C Doolittle, Las Vegas Metropolitan Police Department, Jesse Sandoval, B Sorenson. Responses due by 6/15/2023. Certificate of Interested Parties due by 6/11/2023. Discovery Plan/Scheduling Order due by 7/16/2023. (Anderson, Craig)<br><br>NOTICE of Certificate of Interested Parties requirement: Under Local Rule 7.1-1, a party must immediately file its disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court. (Entered: 06/01/2023) |
| 06/05/2023 | 16 | CERTIFICATE of Interested Parties by Branden Bourque, C Dingle, C Doolittle, Las Vegas Metropolitan Police Department, Jesse Sandoval, B Sorenson. There are no known interested parties other than those participating in the case. (Anderson, Craig) (Entered: 06/05/2023) |

| | | |
|---|---|---|
| 06/07/2023 | 17 | JOINDER to 15 Motion to Dismiss,, by Defendant Jason Torrey.. (Anderson, Craig) (Entered: 06/07/2023) |
| 06/08/2023 | 18 | MOTION for Preliminary Injunction by Plaintiff Jose DeCastro. Responses due by 6/22/2023. (Attachments: # 1 MEET AND CONFER CERTIFICATION) (CAH) (Main Document 18 replaced on 6/9/2023) (CAH). (Entered: 06/09/2023) |
| 06/12/2023 | 19 | ORDER denying 18 Motion for Preliminary Injunction. Signed by Judge Andrew P. Gordon on 6/12/2023.(Copies have been distributed pursuant to the NEF - CAH) (Entered: 06/12/2023) |
| 06/12/2023 | 21 | Consent for Electronic Service of Documents as to Jason Jensen. (JQC) (Entered: 06/13/2023) |
| 06/13/2023 | 20 | MOTION JENSENS MOTION FOR JOINDER PLAINTIFFS MOTION TO STAY AND MOTION FOR EXTRAORDINARY WRIT OF MANDAMUS by Plaintiff. Responses due by 6/27/2023. (CAH) (misc) (pleading) (Entered: 06/13/2023) |
| 06/13/2023 | 22 | MOTION to Reconsider re 19 Order on Motion for Preliminary Injunction by Plaintiff Jose DeCastro. Responses due by 6/27/2023. (JQC) (DJorder) (Entered: 06/13/2023) |
| 06/13/2023 | 23 | MOTION for Leave to File Suggestions in Opposition to Defendant's Motion to Dismiss, filed by Non-party Jason A. Jensen. Responses due by 6/27/2023. (CAH) (Entered: 06/14/2023) |
| 06/13/2023 | 24 | ORDER - Jensen's Motion for Joinder Plaintiff's Motion to Stay and Motion for Extraordinary Writ of Mandamus (ECF No. 20 ) is **DENIED**. Signed by Magistrate Judge Elayna J. Youchah on 6/13/2023.(Copies have been distributed pursuant to the NEF - DLS) (Entered: 06/14/2023) |
| 06/15/2023 | 25 | ORDER Denying 23 Non-party Jason Jensen's Motion for leave to file an opposition to defendants' motion to dismiss. IT IS FURTHER ORDERED that Jason Jensen must cease filing documents in this case. Jensen may only file a properly supported motion to allow his joinder or intervention, and he may file no other documents in this case unless the motion is granted. IT IS FURTHER ORDERED that the clerk of court need not file the documents that Jensen has submitted to date and need not file any other document Jensen submits in this case except a motion to join or intervene. Signed by Judge Andrew P. Gordon on 6/15/2023. (Copies have been distributed pursuant to the NEF - AF) (Entered: 06/15/2023) |
| 06/16/2023 | 27 | RESPONSE to 15 Motion to Dismiss by Plaintiff Jose DeCastro. Replies due by 6/23/2023. (CAH) (Entered: 06/20/2023) |
| 06/20/2023 | 26 | RESPONSE to 22 Motion for Reconsideration by Defendant Las Vegas Metropolitan Police Department. Replies due by 6/27/2023. (Anderson, Craig) (Entered: 06/20/2023) |
| 06/20/2023 | 28 | |

| | | |
|---|---|---|
| | | **ERROR: Entered in error. Duplicate entry as 27 response.** ~~RESPONSE to 15 Motion to Dismiss by Plaintiff Jose DeCastro. Replies due by 6/27/2023. (CAH)~~ (Entered: 06/21/2023) |
| 06/22/2023 | 29 | PLAINTIFFS REPLY to 26 Response re 22 Motion to Reconsider, by Plaintiff Jose DeCastro. (CAH) Modified - Linked to 26 and 22 on 6/23/2023 (KF). (Entered: 06/22/2023) |
| 06/23/2023 | 30 | REPLY to 27 Response to 15 Motion to Dismiss,, by Defendant Las Vegas Metropolitan Police Department. (Anderson, Craig) Modified - Linked to 27 Response on 6/26/2023 (KF). (Entered: 06/23/2023) |
| 06/23/2023 | 31 | SUMMONS Returned Executed by Jose DeCastro. State of Nevada served on 6/23/2023. (CAH) (Entered: 06/27/2023) |
| 07/06/2023 | 32 | MOTION to Stay Discovery by Defendant Las Vegas Metropolitan Police Department. Responses due by 7/20/2023. (Anderson, Craig) (Entered: 07/06/2023) |
| 07/06/2023 | 33 | ANSWER to 13 Amended Complaint filed by Las Vegas Metropolitan Police Department.(Anderson, Craig) (Entered: 07/06/2023) |
| 07/19/2023 | 34 | RESPONSE to 32 Motion to Stay Case or Discovery by Plaintiff Jose DeCastro. Replies due by 7/26/2023. (CAH) (Entered: 07/20/2023) |
| 07/21/2023 | 35 | MINUTE ORDER IN CHAMBERS of the Honorable Magistrate Judge Elayna J. Youchah on 7/21/2023. By Judicial Assistant: E. Santiago.<br><br>Pending before the Court is Las Vegas Metropolitan Police Department and Officers Torrey, Bourque, Dingle, Sorenson, Sandoval, and Doolittle's Motion to Stay Discovery. ECF No. 32 . Plaintiff filed a Non-Opposition to the Motion on July 19, 2023. ECF No. 34 .<br><br>Accordingly, IT IS HEREBY ORDERED that the Las Vegas Metropolitan Police Department and Officers Torrey, Bourque, Dingle, Sorenson, Sandoval, and Doolittle's Motion to Stay Discovery (ECF No. 32 ) is GRANTED.<br><br>IT IS FURTHER ORDERED that no later than fourteen (14) days after the Court issues an Order pertaining to the pending Motion to Dismiss, Defendants **must** contact Plaintiff for purposes of meeting to discuss a proposed discovery plan and scheduling order to be filed with the Court.<br><br>IT IS FURTHER ORDERED that no later than twenty-one (21) days after the Court issues its Order resolving the Motion to Dismiss, a revised proposed discovery plan and scheduling order **must** be filed with the Court.<br><br>IT IS FURTHER ORDERED that if the parties cannot agree on a revised discovery plan and scheduling order they **must** each file a proposed discovery plan and scheduling order no later than twenty-one (21) days after the Court issues its Order resolving the Motion to Dismiss.<br><br>**(no image attached)** (Copies have been distributed pursuant to the NEF - ES) (Entered: 07/21/2023) |

| 07/24/2023 | 36 | MOTION for Entry of Clerk's Default by Plaintiff Jose DeCastro. Responses due by 8/7/2023. (ALZ) (Entered: 07/24/2023) |
|---|---|---|
| 07/24/2023 | 37 | MOTION to Partially Stike Defendant's Answer by Plaintiff Jose DeCastro. Responses due by 8/7/2023. (ALZ) (Entered: 07/24/2023) |
| 08/04/2023 | 38 | RESPONSE to 37 Motion by Defendant Las Vegas Metropolitan Police Department. Replies due by 8/11/2023. (Anderson, Craig) (Entered: 08/04/2023) |
| 08/07/2023 | 39 | ORDER denying 22 Motion for Reconsideration. Signed by Judge Andrew P. Gordon on 8/7/2023. (Copies have been distributed pursuant to the NEF - LG) (Entered: 08/08/2023) |
| 08/09/2023 | 40 | REPLY re 38 IN SUPPORT OF 37 PLAINTIFFS MOTION TO PARTIALLY STRIKE DEFENDANTS ANSWER AND TO HAVE RESPONSES IN DEFENDANTS ANSWER DEEMED ADMITTED by Plaintiff Jose DeCastro. (CAH) (Entered: 08/11/2023) |
| 08/11/2023 | 41 | NOTICE OF APPEAL as to 19 Order on Motion for Preliminary Injunction and 39 Order on Motion to Reconsider, by Plaintiff Jose DeCastro. Filing fee $ 505 - PAID. E-mail notice (NEF) sent to the US Court of Appeals, Ninth Circuit. (Attachments: # 1 Receipt #200005264) (KF) (Entered: 08/14/2023) |
| 08/14/2023 | 43 | USCA, Ninth Circuit Appellate Case Number 23-16089 assigned to 41 Notice of Appeal,. (JQC) (Entered: 08/17/2023) |
| 08/17/2023 | 42 | Clerk's ENTRY OF DEFAULT as to State of Nevada re 36 Motion for Entry of Clerks Default. (KF) (Entered: 08/17/2023) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/12/2023 14:32:31 | | | |
| PACER Login: | andersoncr | Client Code: | 14687-456 cra |
| Description: | Docket Report | Search Criteria: | 2:23-cv-00580-APG-EJY |
| Billable Pages: | 5 | Cost: | 0.50 |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing **DEFENDANTS-APPELLEES' SUPPLEMENTAL EXCERPTS OF RECORD** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on the 10th day of October, 2023.

☐ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

☒ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Jose DeCastro
1258 Franklin Street
Santa Monica, CA 90404
*Plaintiff-Appellant*


 /s/ Leah Dell
An employee of Marquis Aurbach

SER-068