**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE DeCASTRO,<br><br>   Plaintiff-Appellant,<br><br> v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; STATE OF NEVADA; BRANDEN BOURQUE; JASON TORREY; C. DINGLE; B. SORENSON; JESSE SANDOVAL; C. DOOLITTLE,<br><br>   Defendants-Appellees. | No. 23-16089<br><br>D.C. No. 2:23-cv-00580-APG-EJY<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted November 14, 2023[**]

Before:   SILVERMAN, WARDLAW, and TALLMAN, Circuit Judges.

 Jose DeCastro appeals pro se from the district court's order denying his motion for a preliminary injunction in his 42 U.S.C. §§ 1981 and 1983 action

---

 [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review de novo the district court's abstention determination under *Younger v. Harris*, 401 U.S. 37 (1971). *Duke v. Gastelo*, 64 F.4th 1088, 1093 (9th Cir. 2023). We affirm.

The district court properly denied DeCastro's request for a preliminary injunction because under the *Younger* abstention doctrine, the district court was required to abstain from interfering with DeCastro's pending state court criminal proceedings. *See id.* at 1094 (setting forth requirements for *Younger* abstention); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617, 621 (9th Cir. 2003) (setting forth exceptions to *Younger* abstention and concluding that claimed constitutional violation "does not, by itself, constitute an exception to the application of *Younger* abstention").

The district court did not abuse its discretion in denying DeCastro's motion for reconsideration because DeCastro failed to establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

**AFFIRMED.**